STATE of Missouri, Respondent,

v.

Russell BURNS, Appellant.

No. 55148.

Supreme Court of Missouri,
Division No. 1.

Sept. 14, 1970.

Robert G. Duncan, Pierce, Duncan, Hill & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Presiding Judge.

This is an appeal by defendant from a conviction by a jury of illegal possession of marijuana, with the punishment being assessed at 10 years' imprisonment and sentence imposed accordingly.

The case presents the question of whether in a prosecution under Sec. 195.020, RS Mo 1959, V.A.M.S., for illegal possession of marijuana the state must prove a conscious possession by the defendant and, if so, was there sufficient proof here to make a submissible issue for the jury.

On Saturday afternoon, February 15, 1969, employees at the R.E.A. Air Express

office at the Municipal Airport in Kansas City, Missouri, noticed that a package which had been delivered earlier from Braniff flight 235, addressed to Automotive Products, Inc., 1213 Olive, Kansas City, Missouri, had been damaged, presumably in shipment. The package "had been wet" and one end had been torn open. Through what was described as a "little hole in the plastic", one of the employees, Robert Consolver, could see some "ground up vegetation or grass or something in it". The R. E.A. Express people got in touch with the police and Detective Grasher from the Kansas City police force came out to inspect the package. Before Detective Grasher arrived someone telephoned the R.E.A. office asking if the package had arrived. Consolver said not yet and the caller left a number to call when it did. Grasher examined the material in the box and thought it was marijuana. He called in an agent from the federal Bureau of Narcotics. Then Detective Grasher had Consolver call the telephone number and say the package for Automotive Products had arrived. Then someone called the R.E.A. office again to verify that the package was there and once again to find out what the charges were. Consolver said there was $5.50 due on it.

No one purported to identify the voice of the person at the other end of the line or say that the voice sounded like the voice of defendant.

Around 5:00 p. m. defendant arrived, alone, to pick up the package at the R.E.A. office. He asked if Consolver had a package for A.P.I. Consolver said, "A.P.I.?" Defendant answered, "Automotive Products, Incorporated." Consolver said he did, gave defendant the waybill to sign,[1] got the package, and gave defendant change for his $20 bill. Defendant picked up the package, turned to leave, and by the time he had taken a step or two, Detective Grasher stepped out from hiding and placed him under arrest for possession of and transporting marijuana.

Detective Grasher and Consolver had repaired and taped the package before defendant arrived and when defendent picked it up there was no way to see inside the package. The package showed it was from one Charles Green, 131 Hayes Street, San Antonio, Texas. The waybill said the package contained "auto parts". When the police at their laboratory opened and examined the package, they found it contained four brown paper bag containers, wrapped in some sort of a plastic wrapping, and two shirts. The four paper containers weighed not quite 3 lbs. and contained marijuana.

After the police arrested defendant, they first read him a statement of his constitutional rights, searched him, but found no weapons or anything incriminating, and then took him to the police station. On the way they asked defendant where he lived. He said he lived in Chicago, but was staying in Kansas City with a friend. Detective Grasher asked defendant why he had come to Kansas City. Defendant said he had come to Kansas City to pick up the package and said that he was immediately going back to Chicago.

The police were unable to locate any store or business in Kansas City by the name of Automotive Products, Inc., and the address, 1213 Olive Street, turned out to be a vacant lot.

Defendant did not take the stand or put on any testimony. He specifically raised the point about the evidence failing to prove knowledge on his part of what he was charged with possessing, by motion for acquittal, and also by tendering an instruction on the point, both of which were refused.

In this case defendant did have possession of the package in his own hands for a few seconds, whether he knew what

---

1. According to Consolver, the name signed by defendant was not Russell Burns.

was in the package or not. The state takes the position that "simple possession", as it puts it, of a narcotic substance constitutes substantial evidence to sustain a finding that the possessor of the narcotic knew its nature, citing State v. Page (Mo.Sup.) 395 S.W.2d 146, and State v. Virdure (Mo.Sup.) 371 S.W.2d 196. The state's position does not meet the exact question presented, however, because the question here is not whether defendant had knowledge that marijuana is a narcotic and a prohibited substance, but whether, in order to be guilty of illegal possession, the state must prove he is conscious he has possession.

In the Page case, supra, the charge was unlawfully selling a narcotic drug. The issue in that case was whether the state must show knowledge on the part of the defendant that the item sold was a narcotic drug. The court pointed out that Sec. 195.020, supra, does not require as an element of the offense, knowledge on the part of the accused that the item sold was a narcotic drug. The verdict-directing instruction in Page did not require a finding that defendant "knowingly" sold narcotics. The court pointed out that defendant at the trial actually had not interposed the defense that he did not have knowledge that what he had arranged to be sold was a narcotic drug and in such instance the court said it is not necessary that the verdict-directing instruction require a finding of guilty knowledge. The court carefully reserved the question as to whether it would be necessary to require a finding of knowledge on the part of the defendant that what he sold was a narcotic drug if lack of such knowledge had been interposed as a defense. The case actually does not touch on the problem raised in the present case, which is whether it is a part of the offense to prove that defendant had knowledge that he was in possession of the substance in question. For example, suppose A borrows B's coat for a short time. There is marijuana hidden in the breast pocket. A, however, has no idea the coat he is wearing contains marijuana. Within a few minutes after donning the coat, A is arrested and charged with illegal possession of marijuana. Is this sufficient to convict him of violation of Sec. 195.020? Possession without knowledge of such possession is not possession in the legal sense of that word, State v. Nicolosi, 228 La. 65, 81 So.2d 771. Knowledge of the existence of the object is essential to physical control thereof with the intent to exercise such control and such knowledge must necessarily precede the intent to exercise or the exercise of such control, People v. Gory, 28 Cal.2d 450, 170 P.2d 433, 436.

The Virdure case, supra, is a possession case and defendant specifically raised the point in his motion for judgment of acquittal, as was done in the present case, that the state failed to prove that he knew of the presence of the narcotics which were found in his basement and in his automobile. The opinion says that the state's evidence was ample upon the point. The court said that defendant was in the possession of his automobile and his premises when the marijuana was discovered by the officers and that from this and the inferences to be deduced therefrom, the jury could reasonably find that defendant knew the narcotic drug was upon and in his property. The effect of the Virdure case is, therefore, that the state must prove that defendant knew he had possession of the substance. The facts in Virdure of finding the marijuana in defendant's basement and finding some more behind the spare tire in the locked trunk of his automobile were sufficient in the judgment of the court to authorize the jury to draw the inference that defendant knew he had possession.

Defendant relies upon State v. Young (Mo.Sup.) 427 S.W.2d 510, which involved a conviction for possession of heroin. Defendant was arrested on the street in the afternoon and, according to the officer who arrested and searched him, defendant had

in his possession a brown paper bag containing a pair of shoes, a pawn ticket, and three half gelatin capsules. In response to the officer's inquiry, defendant said he did not know anything about the capsules, but the shoes were his. The capsules turned out to have a residue of a white powdery substance which proved to be heroin. At the trial defendant denied any connection with the bag or knowledge of its contents and said that another man who was with him was actually carrying the bag and that he (defendant) never did know what was in the bag.

The court held that the facts showed proof of possession of heroin, but at l. c. 513 said, " * * * the test of actual or constructive possession, which may be shown circumstantially, * * * is whether 'the *defendant was aware of the presence* and character *of the particular substance,* and was intentionally and *conciously* in possession of it' " (emphasis supplied).

The above test is from the note in 91 A.L.R.2d 810, "What constitutes 'possession' of a narcotic drug proscribed by Sec. 2 of the Uniform Narcotic Drug Act." On the matter of whether it must be shown that defendant is consciously in possession of the substance, the above annotation states at 91 A.L.R.2d l. c. 821: "Knowledge of the alleged possessor, or his intention to possess, is not mentioned by the language of Sec. 2 of the Uniform Narcotic Drug Act as an element of the offense prohibited, which is merely stated to be any possession of a narcotic drug not authorized by the act. However, no case has been found in which the defendant's conviction of illegal possession of narcotics has been sustained where the prosecution has failed to prove, either directly or by inference, that the defendant had knowledge of the presence of the contraband substance * * * " The above-mentioned Sec. 2 of the Uniform Narcotic Drug Act is exactly the same as our Sec. 195.020.

In the present case the jury could properly infer that defendant had guilty knowledge of what was in the package. Defendant told the police he had come from Chicago to pick up the package, which negatives the idea that someone in Kansas City may have used him at the last moment to run an apparently innocent errand to pick up a package, and this gives added significance to the fact that defendant was able to ask for the package by giving the name of the addressee, despite the fact the addressee was fictitious and the street address on the package proved to be a vacant lot. Additionally, when defendant was asked to sign for the package, he did not sign his own name, so it is reasonable to believe defendant did not want to be traced. The jury, therefore, may reasonably have concluded that the package contained contraband and that defendant knew this. Then, when the package is opened, the contents prove to be marijuana, so that is why defendant was acting in the way he did. We hold that there must be a conscious possession of the particular substance to make out a case of illegal possession under Sec. 195.020, supra, and that there was sufficient proof here to make a submissible issue for the jury.

The state's main verdict-directing instruction, instruction No. 2, however, had no requirement that the jury must find there was a knowing possession on the part of defendant. This was reversible error. The instruction informed the jury that if they found " * * * the defendant * * * feloniously and unlawfully have in his possession a quantity of Marijuana * * * then you will find the defendant guilty of having a narcotic drug in his possession * * * " As defendant argues, there is no question but that defendant, at least for a few seconds, possessed the package which, in turn, contained marijuana. Thus, under instruction No. 2, since the jury was not required to find

defendant knew the package contained the substance in question, the jury, in effect, had no choice but to convict. The state says that this was cured by its instruction No. 5, which was in the nature of a cautionary instruction and stated in part that it was not necessary for the state to prove that defendant intended to use the drug or that he intended that it be used in any particular manner if the jury found he had it in his possession. The instruction then closed by saying, "It is sufficient for the State to show that the drug was in his custody and possession, knowingly and intentionally." However, even if we assume that the last sentence of this instruction does anything more than refer to the action of the defendant in deliberately and consciously picking up the package and does have the meaning ascribed to it by the state of requiring a knowing possession, the instruction is in conflict with instruction No. 2, which was the verdict-directing instruction and made no such requirement.[2] This does not cure the prejudicial error in instruction No. 2, for which the case must be reversed and remanded.

■ Since the case is being remanded, we will pass on some other matters raised in defendant's brief which should be disposed of before another trial. We do not agree with defendant's contention that under the present record he is entitled to an instruction on entrapment. It is true, as defendant argues, that had the police confiscated the package as soon as they suspected it contained marijuana, defendant could not have gone through with picking up the package, and this case would never have happened. However, the actions of the officers in letting the situation develop so that whoever was going to come in to pick up the package would do so, does not mean the police put any intent in the mind of the defendant which had not been there all along, as defendant had come to Kansas City from Chicago intending to pick up the package. This is not a situation where the police lured defendant into the commission of the offense charged in order to prosecute him. State v. Decker, 321 Mo. 1163, 14 S.W.2d 617, 619–620; State v. Hammond (Mo.Sup.) 447 S.W.2d 253.

■ We agree that in a future trial the court should not give an instruction such as instruction No. 9, which was to the effect that if the jury finds the defendant "guilty beyond a reasonable doubt of having in his possession a quantity of Marijuana * * * as defined by the Court in Instruction No. 7", then the jury could use a form of guilty verdict as set forth in the rest of the instructions. The instruction No. 7 referred to stated that "Cannabis includes the leaves of the plant Cannabis Sativa and is a narcotic drug and is commonly known as marijuana." Instruction No. 9 is misleading as to possession, and is not corrected in this respect by the reference to instruction No. 7.

The judgment is reversed and the cause remanded for a new trial.

BARDGETT, J., and CORNING, Special Judge, concur.

HOLMAN, J., not sitting.

2. A similar conflict exists between instruction No. 5 and instruction No. 9, referred to below.