**STATE of Missouri, Respondent,**

v.

**Nathaniel SLEDGE, Appellant.**

No. 55298.

Supreme Court of Missouri,
Division No. 2.

Sept. 13, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied Oct. 11, 1971.

John C. Danforth, Atty. Gen., Alfred C. Sikes, Asst. Atty. Gen., Jefferson City, for respondent.

Theodore S. Schechter, Clayton, for appellant.

MORGAN, Presiding Judge.

Charged as an habitual criminal with three prior offenses, Section 556.280, RSMo 1969, V.A.M.S., defendant was tried to a jury and found guilty of the unlawful possession of narcotic drugs. The trial court assessed punishment at twelve years confinement, and defendant has appealed.

Factually, the record reveals that two packages were left with the TWA air-freight office at the Los Angeles Airport for shipment on Flight #78 to St. Louis. One was addressed to Melvin Sanders at a St. Louis address and the other to Chuck Little c/o Christine Hunt at another address. One identified the sender as Louis Preston while the other indicated the sender was Casey Kates. The record reflects Casey Kates was Louis Preston Kates, and both packages indicated the same return address for the sender. The attention of a supervisor in the freight office was called to the two packages. He opened one and thought it contained a narcotic drug, and he called Mr. Haldi of the narcotic bureau of the Los Angeles police. The second package was opened and a powder like substance was taken from it. Mr. Kates was arrested and he had a copy of the shipping invoice for each package. The TWA employee taped the two packages together, making one package, with the Chuck Little c/o Christine Hunt address showing. The police department of St. Louis was notified of the shipment as was the U.S. Bureau of Narcotics. Men of each agency were at the TWA freight office in St. Louis when the package arrived. A clerk called Christine Hunt of the arrival of the package, and she signed for it and paid a freight bill of $12.20. When she returned to the automobile in which she had arrived, she held the package on her lap. The driver of the automobile was the defendant. The officers surrounded the vehicle and arrested both Christine Hunt and defendant. After all Miranda warnings were given, as shown by the testimony of Lt. Rippetto and other officers, "Mr. Sledge [defendant] stated that he was aware of what was within the packages, that they were meant for him, that Christine Hunt knew nothing about it, he was using her and her address in order to receive the narcotics." Charges were filed against both, and after a severance defendant was tried alone.

At the trial, both Mr. Beistel, the freight office employee from Los Angeles, and officer Haldi testified as to the events noted. A chemist for the highway patrol of Missouri testified that samples from the packages contained marijuana and heroin. Lt. Rippetto, without objection by the defense, testified as to defendant's inculpatory statements. Six other officers, who were involved in the surveillance at the airport in St. Louis and the arrests, gave similar testimony. However, prior to the testimony of the second officer, defendant objected to admission of any statements by defendant, because there was "no corpus shown

as to him." The objection was overruled. The only testimony on defendant's behalf was by Christine Hunt. She testified she had known Mr. Kates of Los Angeles when he worked with her in a bridal shop in St. Louis, and commented that, "He is like a brother to me." She stated she thought the package was a coat or some other present he had promised by phone to send her.

■ On appeal, defendant first contends that the trial court erred in overruling his objection to the state showing the arrest and confinement of Christine Hunt. His argument is based on the premise that such a showing tended to destroy the credibility of defendant's only witness, and was improper under State v. Pine, 332 Mo. 314, 57 S.W.2d 1087, which restated, loc. cit. 1090, the established principle that: "Until he [the witness] has been convicted he enjoys the presumption of innocence and good repute. A charge either by indictment or information against any witness is not to be considered as any evidence of his guilt, and in this case the jury could well have become biased and prejudiced on account of the evidence admitted * * * as affecting the credibility of the witness." See also State v. Sanders, Mo., 360 S.W.2d 722, 725. However, as the state contends, there is a recognized exception to the rule where the acts of the defendant and the witness are so interwoven that development of the case against defendant necessarily involves the part the witness played in the crime in question. As said in State v. Johnson, Mo., 286 S.W.2d 787, 792: "This principle also permits evidence of the arrest of Sack [another defendant] and the circumstances surrounding it."

■ Second, argument is made that an "entrapment" instruction, submitted by defendant, should have been given. The argument must be denied, primarily, for the reason there is no evidence tending to show defendant was entrapped into committing the crime in question. Defendant was not contacted by any of the officers, nor did they, in fact, have any knowledge that he was connected in any way with the illegal drugs until after his apprehension. The facts are comparable to those found in State v. Burns, Mo., 457 S.W.2d 721, 726. Although the question of entrapment is generally a factual issue for the jury, the lack of evidence on that issue in this case requires us to conclude as a matter of law that there was no entrapment of defendant. State v. Napolis, Mo., 436 S.W.2d 645, 648.

■ Third, it is submitted that defendant's motion to dismiss the information should have been sustained, because it contained no allegation defendant "knowingly" had narcotic drugs in his possession. Defendant relies on State v. Burns, Mo., 457 S.W.2d 721, wherein it was said, loc. cit. 725: "* * * there must be a conscious possession of the particular substance to make out a case of illegal possession * * *." The information in question provided, in part: " * * * [defendant] did wilfully, unlawfully and feloniously have in [his] possession and under [his] control [narcotic drugs]." We need not fully review the Burns case as it is sufficient to point out that reversal was called for there because the verdict-directing instruction did not require a finding defendant had any knowledge that he had possession of an illegal drug. Not only did the questioned information charge defendant "wilfully" possessed the drugs—which connotes knowledge—but the exact point in issue was ruled in State v. Napolis, supra, wherein it was held, 436 S.W.2d loc. cit. 647[1]: "Knowledge that the drug is a barbiturate or stimulant is not specified as an element of the offense by the language of the statute. Consequently, it was not necessary for the information against defendant to allege knowledge or criminal intent if the State has the right to prohibit such possession, * * *." See also Supreme Court Rule 24.11, V.A.M.R.

■ Fourth, defendant contends the trial court erred in overruling his objection to the admission of his inculpatory state-

ments, through the testimony of officers offered subsequent to that of Lt. Rippetto, on the basis there had been no prior showing of the corpus delicti. The limitations on the use of an extra-judicial confession prior to such a showing were fully considered in State v. Haun, Mo., 324 S.W.2d 679. However, the record does not present facts calling for consideration of that issue. Prior to admission of the testimony complained of, the corpus delicti had been shown, i. e., that an illegal drug was in the possession of someone. A prior showing of the criminal agency of this specific defendant was not required prior to admission of the defendant's statements. State v. Worley, Mo., 375 S.W.2d 44, 46[2]. In addition, the statements as made were already in evidence, through testimony of Lt. Rippetto, prior to the objection being considered.

Most of the other points, of the twenty-seven submitted, pertain to the verdict-directing instruction and should be considered together. That instruction provided, in part: "The Court instructs the jury that if you find and believe from the evidence beyond a reasonable doubt, and in the light of these instructions of the Court, that at the County of St. Louis, and State of Missouri, on the 22nd day of January, 1968, the defendant, Nathaniel Sledge, together with another, unlawfully and feloniously had in his possession and under his control a quantity of certain narcotic drugs, to-wit: 5.65 grams of heroin and 704 grams of marijuana, botanically identified as Cannabis Sativa L., then you will find the defendant guilty of Unlawful Possession of Narcotic Drug. Unless you so find the facts to be as aforesaid, you will acquit the defendant.

" 'Possession' as that term is used in these instructions, and in its legal sense, means knowingly having the actual control and dominion of the narcotics to the exclusion of others, and not a mere passing control fleeting and shadowy in its nature. However, it is not necessary to establish ownership in order to establish possession.

Furthermore, it is sufficient if the thing possessed is either carried on his person or is in his presence and custody if the possession is immediate, accessible and exclusive to him, (provided, however, that two or more persons may have joint possession of a narcotic if jointly and knowingly they have the dominion, control and exclusive possession described.)

" 'Feloniously' as that term is used in these instructions, means wickedly and against the admonition of the law, that is, unlawfully.

" 'Narcotic Drug', [definition]."

(A) There is no merit in the contention the instruction failed to negative defendant's defense of entrapment because there was no showing of entrapment.

■ (B) Use of the words "together with another" did not give the jury a roving commission to hold defendant accountable for joint possession with the officers or TWA employees. A jury composed of persons with any degree of intelligence would know the reference was to Christine Hunt.

■ (C) Complaint is made that the instruction does not require a finding of "knowing" possession in violation of State v. Burns, supra. There is no merit in this argument as seen by the second paragraph definition of "possession" which stated that possession did mean "knowingly having the actual control and dominion of the narcotics."

■ (D) Nor is there merit in the argument the instruction should have required possession to have been "intentional," because "knowingly," for purposes here, was synonymous with intentionally and consciously. Black's Law Dictionary, 4th Edition.

■ (E) Argument is made that there should have been a definition of the words "under his control" as used in paragraph one. Not only did defendant fail to ask

for such a definition, but the same was not necessary. State v. Virdure, Mo., 371 S. W.2d 196, 199.

 (F) Since there was no showing defendant did have the package in his hands, it is argued that submission of "possession" and "under his control" were not based on facts in evidence. Similar argument was made in State v. Worley, supra, wherein it was said, 375 S.W.2d loc. cit. 47[4–5]: " * * * the evidence need not show actual physical possession on the part of the defendant. The illegal possession may be constructive. [citations] From the evidence the jury could have concluded that, at the time of its discovery, the package was in the constructive possession of the appellant. He admitted its ownership."

(G) Complaint is made that there was a discrepancy between the amount of heroin and marijuana listed in the information and that in the instruction. There is no merit in the argument. State v. Young, Mo., 427 S.W.2d 510, Supreme Court Rule 24.11.

(H) Complaint is made that the definition of "possession" is confusing in that it refers to "exclusion of others" and in a proviso allows for "joint possession" with another. A showing of either fact would be sufficient to sustain the verdict, and under the evidence we cannot see how the jury reasonably could have been misled by it. State v. Brletic, Mo., 283 S.W.2d 568, 572.

(I) Defining Cannabis Sativa L. as a narcotic drug was not error. State v. Thompson, Mo., 425 S.W.2d 80, 84.

Next, it is asserted that the court erred in instructing the jury "that all persons are equally guilty who act together with a common intent * * *," when defendant, after a severance, was tried alone. A similar argument was denied in State v. Mooring, Mo., 445 S.W.2d 303, 306.

We find the remaining points to be restatements of others considered and to be without merit.

Finding no reversible error, the judgment is affirmed.

DONNELLY, J., and HENLEY, Alt. J., concur.

FINCH, J., not sitting.