**STATE of Missouri ex rel. Brendan RYAN, Circuit Attorney for the City of St. Louis, State of Missouri, Relator,**

v.

**Honorable Ivan Lee HOLT, Jr., Judge of the Circuit Court of the City of St. Louis, State of Missouri, Respondent.**

No. 35107.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 11, 1973.

Brendan Ryan, Circuit Atty., Richard Heidenry, Asst. Atty. Gen., St. Louis, for relator.

Kent E. Karohl, Kirkwood, Thomas P. Howe, Clayton, for respondent.

CLEMENS, Judge.

Original proceeding in mandamus. We issued our alternative writ commanding respondent judge to render a judgment in accordance with the jury's guilty verdict and impose punishment. This, despite respondent's previous order setting aside the guilty verdict and retroactively entering a judgment of acquittal. We were then persuaded the Rules of Criminal Procedure controlled and did not empower a trial court to retroactively grant a motion for acquittal.

The trial court proceedings: In the respondent's court one Murray Harris (hereafter defendant) was charged and tried for feloniously setting up a bawdy house near a public school. (Section 563.090, RSMo 1969, V.A.M.S.). At the close of evidence defendant filed a motion for acquittal and in ruling the motion the trial court declared: " . . . I think the question is extremely close, but I am not going to spend any more time on it at this time. The motion for judgment of acquittal will be denied, *subject to reconsideration, if that becomes necessary after verdict*. At least for the above reasons, *for the time being,* the motion will be overruled." (Emphasis added.) Reconsideration did become appropriate when the jury found defendant guilty. Defendant then moved for judgment of acquittal in accordance with his previous motion, or alternatively for a new trial. In due time the respondent ruled: "Motion for Judgment of Acquittal granted. Verdict and assessment of punishment of September 24, 1970 set aside and judgment of acquittal entered."

■ Now seeking our permanent writ of mandamus, relator's succinct point is that once the guilty verdict was received respondent had no authority to enter a judgment of acquittal. We now disagree and discharge our preliminary writ.

Relator relies on State v. Pottinger, 365 Mo. 794, 287 S.W.2d 782 (1956). That case gives only minimal support to relator's contention. It concerned an attempted appeal *by the state* from a post-verdict order —just like the one here—setting aside a guilty verdict on the ground that defendant's original motion for judgment of acquittal at the close of the state's case should have been granted. Relator relies on a statement in *Pottinger* that "in any view that may be taken of the court's action, it is certain that there was no warrant in law for entering a judgment discharging the prisoner at the stage of the proceedings indicated . . . even if it be conceded that the evidence was not sufficient to sustain the charge, *but we do not reach the merits of the latter question.* . . ." (Emphasis added.) The value of this statement to the relator is diminished in two respects. First, the quoted statement was clearly obiter dicta,[1] admittedly unnecessary for the conclusion reached. The court held only that the order granting a post-verdict judgment of acquittal was not the type of order the state was authorized to appeal under Sections 547.200 and 547.210, RSMo 1949, V. A.M.S. and consequently *dismissed the state's appeal.* This was the only ruling in *Pottinger* and by dismissing the appeal the court left standing the trial court's post-verdict judgment acquitting defendant.

Second, the quoted portion of *Pottinger* did not say it was impermissible for the trial court to set aside a verdict of guilty.

1. See Muench v. South Side National Bank, 251 S.W.2d 1, 6 [10] (Mo.1952) stating: " 'An *obiter dictum,* in the language of the law, is a gratuitous opinion—an individual impertinence—which, whether it be wise or foolish, right or wrong, bindeth none, not even the lips that utter it.' Hart v. Stribling, 25 Fla. 433, 435, 6 So. 455. Or as classically expressed by Judge Caskie Collet, it is 'that useless chatter of judges, indulged in for reasons known only to them, to be printed at public expense.' United States v. Certain Land in City of St. Louis, D.C., 29 F.Supp. 92, loc. cit. 95.' "

Rather, it said by obiter that there was "no warrant in law" for taking such action. Arguably this language could be interpreted to mean only that the statutory law of Missouri neither grants nor denies the power to a trial judge to grant a motion for a judgment of acquittal after a guilty verdict. In any event, *Pottinger* cited no precedent for the statement nor has that part of the opinion been followed since. We find Pottinger is neither controlling nor persuasive.

Lastly, relator contends our rules of criminal procedure do not authorize a trial court in a criminal case to set aside a verdict of guilty. Relator points to Civil Rule 72.02, V.A.M.R., which does empower a trial court in a civil case to retroactively sustain a defendant's motion for a directed verdict and enter judgment for defendant after a verdict for plaintiff. Relator contrasts Criminal Rule 27.07(a) which declares " . . . If the defendant is convicted, sentence shall be imposed and judgment rendered without unreasonable delay . . . " More relevant is Rule 26.10 declaring " . . . The court either on motion of a defendant, or its own motion, shall order entry of judgment of acquittal . . . if, after the evidence on either side is closed, the court concludes as a matter of law that such evidence is not sufficient to sustain a judgment of conviction of such offense or offenses."

Relator argues that from the absence of specific authority by rule to retroactively grant a motion for acquittal in a criminal case it follows that such authority does not exist. For three reasons we disagree, first pointing to the reasonable necessity for such judicial authority.

When a motion for judgment of acquittal is made at the close of a case, a severe hardship could be placed on both the defendant and the jury if the judge believes the issue of sufficiency of the evidence is complex enough to require considerable attention. If the jury is required to wait until the court has made up its mind the delay could be costly both in terms of the jurors' time and the quality of the verdict they render. A defendant's rights, on the other hand, may be compromised if the judge fails to give the motion the consideration it deserves in order to avoid a delay in the trial. Relator gives us no reason why the power now challenged should be permissible as a judicial tool in civil trial procedure and impermissible in criminal trial procedure. We perceive no such reason. In the interest of both judicial economy and the people involved in the judicial process, a trial court should be able, in all cases, to submit a case to the jury without losing jurisdiction of the legal issue presented in a motion for acquittal. It is difficult to see how this action would in any way compromise the state's substantive rights.

■ Second, we are not convinced the Criminal Rules do not authorize a court to retroactively grant a motion for acquittal. That is implied by Rule 27.20(c) which declares that after trial "plain errors affecting substantial rights may be considered on motion for new trial, or on appeal in the discretion of the court . . . when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." Clearly it is plain error to submit a case to a jury when the evidence is insufficient to sustain a conviction, as the respondent trial judge found here. State v. McClunie, 438 S.W.2d 267 (Mo.1969).

■ Third, this power to retroactively set aside a verdict on the ground of insufficient evidence does not depend alone on statute or rule; it is an inherent power at common law. Boegemann v. Bracey, 315 Mo. 437, 285 S.W. 992 [1] (1926), declared "it was one of the earliest doctrines of the common law that the judgment of a court might be amended, changed, or set aside at any time during the same term of court in

**824**

which a judgment was rendered, and now, as then, the general power of a court of record over its own judgments, orders, and decrees during the existence of the term during which they are first made is undeniable." The principle is evidenced by a host of cases listed in Mo.Dig., Judgments, It applies in equity. Ritchie v. Ritchie, 173 S.W.2d 101 [2] (Mo.App. 1943) and it applies in criminal cases. State v. Gartrell, 171 Mo. 489, 71 S.W. 1045 [1], declares: "It is the settled law of this state that, during the whole of the term in which any judicial act is done, the proceedings are considered in fieri, and this applies even to adjourned sessions of the same term; and the record remains, so to speak, in the breast of the judge or judges of the court, and hence is subject to amendment or alteration as he or they may direct." See also State v. Lonon, 331 Mo. 591, 56 S.W.2d 378[1, 2] (1932), declaring "Courts of general jurisdiction have inherent authority, during the term, to vacate any judgment or order that may have been made at that term. This was the rule at common law and prevails in most jurisdictions." These cases generally refer to the retroactive power to set aside judgments rather than verdicts, as here. But surely a court's power to set aside a judgment embraces the lesser power to set aside a verdict upon which a judgment would be based.

Therefore, based on reason, court rule and common law precedent, we conclude respondent had the power to set aside the guilty verdict and enter the judgment of acquittal on the legal ground the evidence was insufficient to warrant defendant's conviction.

Accordingly, we hold that we improvidently issued our alternative writ of mandamus and it is ordered discharged.

DOWD, C. J., and WEIER, J., concur.

