STATE of Missouri, Plaintiff-Respondent,

v.

John Earl MANNS, Defendant-Appellant.

No. 36810.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 25, 1976.

Lawrence Willbrand, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City,

Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

John Earl Manns was convicted by the Circuit Court of the City of St. Louis in a jury-waived trial of the offense of burglary in the second degree, § 560.070 RSMo. 1969, and after overruling his Motion for New Trial and granting him allocution, the trial court sentenced him to 7 years in the custody of the Missouri Department of Corrections. § 560.095(2) RSMo. 1969. This appeal followed.

The appellant was charged in Information filed in the Circuit Court of the City of St. Louis with one prior conviction of a felony, to-wit: Felonious Assault, and in Count I of the Information with the burglary of a building belonging to Eli Apple, d/b/a Meyer Bros. Grocery, and in Count II of the Information with Malicious Assault with a Dangerous and Deadly Weapon, to-wit: a sawed-off shotgun, upon one Barry Awalt on the same day as the burglary aforesaid, i. e. March 16, 1974. Appellant waived his right to a jury trial and proceeded to trial before the court without a jury. After hearing evidence the trial court found appellant guilty of burglary in the second degree charged in Count I of the Information and not guilty of the assault alleged in Count II of the Information.

The evidence offered by the State was that the Meyer Brothers Grocery, owned by Eli Apple, was situated at 1903 Martin Luther King Drive in the City of St. Louis, Missouri. That at approximately 6:30 p. m. on the night of March 16, 1974, Mr. Apple secured the building in which the market was situate and left the premises with the burglar alarm activated. In the store at that time was the stock of his business, i. e. groceries, meat and liquor. Later that evening he received a telephone call from the ADT burglar alarm system informing him that the silent alarm in the market was sounding. Mr. Apple returned to his place of business and when he did the police were

there. The police officers advised him that someone was inside the store and showed him a large hole that had been made in the exterior of the rear wall of the building. No tools were found near this hole in the wall. Two police officers, Officers Treece and Awalt of the St. Louis Metropolitan Police Department, had responded to the call for an alarm sounding at the market at approximately 10:00 p. m. and almost immediately after their arrival were joined by another police officer, Patrolman Flinn. While Officer Flinn remained at the front of the store the other two officers proceeded to the rear of the building where they found a hole approximately 3 feet in diameter in the rear wall of the building. The police officers shined their flashlights into the opening and observed the silhouette of a figure, facing them, and holding a sawed-off shotgun. They heard a shotgun discharge from inside the building and Officer Awalt fired two revolver shots in the building in response. In the meantime, other police officers had arrived on the scene and tear gas was discharged into the store building. Officers Treece and Awalt stood at the hole in the rear wall of the building and observed someone standing just inside. They grabbed this person and pulled him outside through the hole in the wall. This someone was the appellant. As appellant was pulled through the hole in the wall he fell down on the ground outside the building and injured his face. He bled. He was placed under arrest and placed in a police cruiser.

Appellant produced the records of City Hospital for March 16, 1974, and these reflected that he was brought into the hospital on that date in handcuffs and stated that he was hit in the nose with the fist of a policeman. The x-ray report stated: "fracture of the nasal bone with communition and displacement of the distal fragments. This primarily involves the right side. Adjacent facial bones are intact." The appellant took the stand in his own defense and testified that he was in the vicinity of the market waiting for a bus and decided to go into the alley at the rear of the store to relieve himself and as he was coming out of the alley after having tended to this necessary function the police arrived on the scene by car and placed him under arrest. He denied any knowledge of the hole in the wall or of having been inside the market building. He also, in response to inquiries directed to him by his own counsel on direct examination, admitted that he had been convicted in 1954 of burglary of a tavern and in 1961 of burglary of a golf course in Florida. With respect to the alleged prior conviction of felonious assault alleged in the Information he testified that that conviction in Michigan was reversed and he was discharged. He sustained his injuries while in the police cruiser at the scene of the crime and one of the officers beat him in the face when he was trying to explain to them that he knew nothing about the hole in the wall and had just left his girl friend's house and was on the way home.

The State introduced no evidence in support of that portion of the Information alleging the prior conviction for felonious assault, and no finding was made with respect to this allegation. Further, in considering imposition of sentence the trial court did not consider the allegation in the Information to this effect.

On appeal the appellant raises one Point, "The court erred in its finding that defendant entered the premises in question." This statement of the Points Relied On fails to comply with the requisites set forth in Rule 84.04(d) that the Points Relied On shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder. Nowhere in appellant's brief are there any citations of authority whatsoever.

■ We are required by Rule 28.02 to consider allegations of error respecting the sufficiency of the information, verdict, judgment and sentence although not raised in the trial court or preserved for review, *and* we would choose to consider appellant's point as an effort to present to this court a challenge to the sufficiency of the evidence to support his conviction, for the reason

**676**

that it would be plain error affecting substantial rights for a defendant to be convicted on evidence which would not support a conviction and manifest injustice or miscarriage of justice would thereby result. Rule 27.20(c). *State v. White,* 439 S.W.2d 752, 753[2] (Mo.1969).

Burglary in the Second Degree as proscribed by § 560.070 is the breaking and entering any building, the breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree, in which there shall be at the time any goods, wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein. We conclude that there is sufficient evidence in this case to support the finding of the trial judge beyond a reasonable doubt.

We have examined those portions of the record as required by Rule 28.02 and find them to be in proper form and without error.

The judgment of the trial court is affirmed.

WEIER, P. J. and McMILLIAN, J., concur.