STATE of Missouri, Plaintiff-Respondent,

v.

Sylvia RIVERS, Defendant-Appellant.

No. 38205.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 19, 1977.

Ben J. Weinberger, St. Louis, for defendant-appellant.

Thomas W. Shannon, Pros. Atty., Lawrence E. Manion, Jr., Asst. Pros. Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant was convicted in the City of St. Louis, in a court-tried case, of delivery for no remuneration of less than 25 grams of marijuana, a misdemeanor. She was fined $100 and appeals.

Defendant is 21 years old and a student at Forest Park Community College with no prior conviction. The facts leading to her conviction are as follows: On November 23, 1975, two detectives in plain clothes attended a party on East College Avenue in the City of St. Louis. This party was advertised on handbills as a party to raise funds for students at Forest Park Community College, and each police officer was charged $1.50 admission. Bernard Dotson was the host, and he and defendant were tending bar.

Defendant served Officer Parks a cup of wine and then Dotson asked him if he wanted a cigarette. Officer Parks replied, "Yes, I would; I'd like one." Officer Parks further testified: "Then he (Dotson) directed Sylvia Rivers to hand me a cigarette. She reached behind the counter and got a hand rolled cigarette and handed it to me and it was later learned to be marijuana." A police test verified that the cigarette was marijuana.

This was the extent of the State's evidence against the defendant. There was no evidence that marijuana or other drugs were being used on the premises on this occasion.

At the end of the State's case, the defendant's attorney made a motion to dismiss on the grounds that the State "failed to make its case." In his motion the defendant's attorney argued that there was no evidence that the defendant had any knowledge that the cigarette was marijuana. This motion was denied.

Based on the evidence before the Court we believe that the defendant's motion should have been granted because of the complete lack of any evidence to show knowledge by the defendant that the cigarette was marijuana.

After defendant's motion to dismiss was denied, the defendant testified as follows: That the party that night was given to raise tuition money for college students, and that she was helping by playing records and serving drinks. She stated she was putting on a record when Dotson handed her a cigarette from behind the bar and said "Hand it to this fellow." She did not know it was marijuana because she had never seen marijuana before, and did not know of anyone smoking marijuana at the party. She did not notice if the cigarette had a name brand on it or a filter because she was occupied putting a record on the record player when she handed the cigarette to the officer.

Defendant's attorney failed to file a motion for judgment of acquittal at the end of the whole case.

The State argues that the defendant's motion for judgment of acquittal at the end of the State's case was not preserved for review because the defendant subsequently testified in her own behalf. This is true except that we are still required to examine the record to determine whether the evidence was sufficient to make a submissible

case. *State v. White*, 439 S.W.2d 752, 753[2] (Mo.1969); *State v. Manns*, 537 S.W.2d 673, 675[1] (Mo.App.1976); *State ex rel. Ryan v. Holt*, 499 S.W.2d 821, 823[2] (Mo.App.1973).

Defendant raises on this appeal the sufficiency of the evidence to support the conviction arguing that there is a total lack of knowledge on the part of defendant that the cigarette was marijuana. We review this contention notwithstanding the fact that defendant testified after the court denied the motion for judgment of acquittal at the end of the State's case and failed to file a similar motion at the end of the whole case because ". . . if the evidence is not sufficient to sustain the conviction, plain error affecting a substantial right is involved from which manifest injustice must have resulted. S.Ct. Rule 27.20(e), V.A.M.R." *State v. McClunie*, 438 S.W.2d 267, 268 (Mo.1969); *State v. White*, supra, 439 S.W.2d at 753.

■ We realize that in determining the sufficiency of the evidence to support a verdict of guilty we are governed by the rule that the facts in evidence and all favorable inferences reasonably to be drawn therefrom are to be considered in the light most favorable to the State and all inferences and evidence to the contrary are to be disregarded. *State v. Todd*, 477 S.W.2d 725[8] (Mo.App.1972); *State v. Holmes*, 434 S.W.2d 555[1] (Mo.1968); 9A Mo.Dig., Criminal Law, 753(2).

■ When a defendant introduces evidence on his own behalf, after the overruling of his motion for judgment of acquittal at the close of the State's case, the sufficiency of the evidence must be determined upon the entire record considering any incriminating evidence developed during the defendant's case. *State v. Parcel*, 546 S.W.2d 571 (Mo.App.1977).

Therefore we shall review the entire record including defendant's testimony to determine whether there is sufficient evidence to support the conviction.

The State's evidence against the defendant consists solely of Dotson asking the police officer whether he wanted a cigarette and the police officer replying: "Yes, I would; I'd like one." The officer then testified: "Then he (Dotson) directed Sylvia Rivers to hand me a cigarette. She reached behind the counter and got a hand rolled cigarette and handed it to me and it was later learned to be marijuana." As said, this was the extent of the State's evidence against the defendant. The defendant at best was a conduit for the delivery of the cigarette done at the "direction" of Dotson.

We have examined defendant's testimony carefully and find it in no way incriminating especially relative to knowledge on her part that the cigarette was marijuana.

Considering the evidence in a light most favorable to the State and the reasonable inferences to be drawn therefrom we are convinced there is a total lack of proof that the defendant had any knowledge that the cigarette was marijuana.

There is little case law in Missouri on the elements of the offense of illegal distribution of controlled substances. Distribution is defined in § 195.010(12) as "to deliver other than by administering or dispensing a controlled substance." We can analogize to the offense of illegal possession, as both offenses are combined under the same statute, Section 195.020 RSMo 1969.[1] In *State v. Burns*, 457 S.W.2d 721 (Mo.1970) our Supreme Court directly considered whether it was necessary to prove a particular state of mind as an element of § 195.020; that is, whether defendant's knowledge of the nature of the substance must be proved. The court held that "possession without knowledge of such possession is not possession in the legal sense of the word" (at 724[1]). The court also spoke to the question of intent, stating that knowledge of the nature of the substance must precede the in-

1. Section 195.020 RSMo 1969 reads: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, distribute, or compound any controlled or counterfeit substance except as authorized [in this law], or to possess any apparatus, device or instrument for the unauthorized use of any controlled substance."

tent to exercise physical control, which is the specific intent required in a possession charge, (at 724[2]). Without such knowledge, there can be no intent. Also in *State v. Young*, 427 S.W.2d 510 (Mo.1968) the court stated that the test of possession is whether "the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." (At 513[5]).

■ Thus it has become established law in this State that in order to make a submissible case of possession under the statute, it is necessary that the State prove that defendant was "*intentionally* and *consciously* in possession of it.*" [Emphasis in original] *State v. Williams*, 546 S.W.2d 533, 535[2] (Mo.App.1977), quoting from *State v. Polk*, 529 S.W.2d 490, 492[1] (Mo.App.1975).

We believe that the same principles apply to the offense of illegal distribution, i. e. proof of the knowledge of the nature of the substance and an intent to distribute the substance are essential.

Of course, such knowledge is rarely capable of direct proof. *State v. Scarlett*, 486 S.W.2d 409, 410 (Mo.1972). Proof of defendant's knowledge of the presence and character of a substance is usually "supplied circumstantially by evidence of the acts or conduct of the accused from which it may be fairly inferred that he knew of the existence of the contraband." *State v. Roberts*, 524 S.W.2d 174, 175[2] (Mo.App.1975). "In the absence of incriminating circumstances . . . [which demonstrate defendant's knowledge and control] . . . no case is made." *State v. Wiley*, 522 S.W.2d 281, 292[25] (Mo. banc 1975).

■ The State urges that proof of defendant's knowledge of the narcotic nature of the substance can be supplied by inferences drawn from the actions of the defend-

ant and surrounding circumstances. We agree with this statement as a general proposition, but no such inference can be drawn from such sparse evidence as is present in the case at bar. The cases cited by the State and cases we have discovered in the course of our independent research demonstrate that in order to properly infer defendant's knowledge there must be evidence allowing such an inference, based on defendant's statements, admissions, conduct, or the situation.[2]

■ As was stated in *State v. Hedrick*, 534 S.W.2d 578, 585 (Mo.App.1976) a jury's mere disbelief of defendant's statement that he had no knowledge of the substance, "*of itself* could *not* satisfy the state's burden to show that appellant intentionally had the [substance] in his possession and that he was aware of the character of the drug . . . ." (emphasis added). There must be additional circumstances to permit the inference of knowledge and intent. We have found no circumstances present here to permit the inference of defendant's knowledge and intent.

Thus the present case is akin to *State v. Berry*, 488 S.W.2d 667 (Mo.App.1972) where appellant's conviction for possession of marijuana was reversed because there was insufficient evidence of her knowledge of the presence of the substance and control over it. The fact that her companion checked two footlockers and one bag containing marijuana at the airport did not reflect her knowledge or possession since she was never seen to touch the bag, made no declarations indicating knowledge, and nothing in her conduct permitted an inference of knowledge. Supra at 669.

■ Accordingly, even though defendant's point was not preserved for review, our examination of the sufficiency of the evidence, compelled by Rule 27.20(c), has

2. *See, e. g., State v. Wiley*, 522 S.W.2d 281 (Mo. banc 1975); *State v. Lockhart*, 501 S.W.2d 163 (Mo.1973); *State v. Scarlett*, 486 S.W.2d 409 (Mo.1972); *State v. Virdure*, 371 S.W.2d 196 (Mo.1963); *State v. Zimpher*, 552 S.W.2d 345 (Mo.App.1977); *State v. Stewart*, 542 S.W.2d 533 (Mo.App.1976); *State v. Hedrick*, 534 S.W.2d 578 (Mo.App.1976); *State v.* *Lewis*, 526 S.W.2d 49 (Mo.App.1975); *State v. Roberts*, 524 S.W.2d 174 (Mo.App.1975); *State v. Pearson*, 519 S.W.2d 354 (Mo.App.1975); *State v. Davis*, 515 S.W.2d 773 (Mo.App.1974); *State v. Cain*, 507 S.W.2d 437 (Mo.App.1974); *State v. Stavricos*, 506 S.W.2d 51 (Mo.App. 1974).

caused us to conclude that the evidence is insufficient to support the verdict.

The judgment is reversed.

CLEMENS, P. J., and SMITH, J., concur.