**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Joseph D. TRICE, Defendant-Appellant.**

No. 39243.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 14, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 15, 1978.

Application to Transfer Denied
Feb. 13, 1979.

James F. Booth, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Michael H. Finkelstein, Marjorie Wholey Haines, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Dean R. Hoag, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of possession of heroin and the resultant 15 year sentence imposed by the court pursuant to the second offender act. We affirm.

As a result of a tip from an informant, St. Louis police officers placed the apartment of defendant under surveillance. Known drug users were observed under circumstances warranting an inference that they were transacting business with some person or persons in the apartment. Based upon the information of the informant and the activities observed during the surveillance, police obtained a search warrant for the apartment. The warrant was executed at 6:00 a. m. on Sunday, November 21, 1976, by forcing the front door. No one had opened the door upon a proper request by the police. Several members of defendant's family were in the apartment, including defendant. Defendant was lying in bed when the police entered. He was alone in the bedroom. Next to bed on a table were defendant's wallet containing identification and some altered currency, and a bottle containing three pink capsules later determined to contain heroin. Defendant took a polygraph examination which indicated that his answers denying possession and knowledge of the heroin were deceptive.

Defendant's contention that the court erred in failing to sustain his motion for acquittal at the close of the State's case, is not preserved for review inasmuch as defendant offered evidence after the motion. *State v. Hill*, 438 S.W.2d 244 (Mo. 1969) [5]; *State v. Turnbough*, 497 S.W.2d 856 (Mo.App.1973) [1]. We, however, review the sufficiency of the evidence at the end of the case to determine whether it is

sufficient to support the verdict. *State v. Rivers*, 554 S.W.2d 548 (Mo.App.1977) [1, 2, 3].

The State's evidence was sufficient to support conviction. The presence of the heroin on a table in close proximity to where defendant was lying and next to defendant's wallet was sufficient to establish that defendant was in actual possession and had control of the drug. The results of the polygraph examination (admitted into evidence pursuant to stipulation); evidence of drug dealing from the apartment; evidence that defendant's brother was an addict warranting as inference that other residents including defendant had familiarity with the drug; and the permissible inference that a person knows the nature of drugs in his actual possession was sufficient to establish defendant's knowledge. *See State v. Burns*, 457 S.W.2d 721 (Mo.1970). The cases relied upon by defendant involve situations in which the facts indicated such minimal possession or contact by defendant that no reasonable inference of knowledge could be drawn. *See State v. Rivers*, supra; *State v. Polk*, 529 S.W.2d 490 (Mo.App. 1975); *State v. Berry*, 488 S.W.2d 667 (Mo.App.1972). We find those cases distinguishable.

Defendant also premises error upon the testimony of the police officers that at the time of the search of the apartment they seized several firearms and some modified money. This contention is made upon the basis that this was evidence of other crimes. All objections by defendant to this testimony were sustained and the jury was directed to disregard the testimony. Defendant now complains that the court denied his one request for a mistrial and contends that the court failed to declare a mistrial even when not requested. The granting of a mistrial is a drastic action largely within the discretion of the trial court. *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479 (Mo.1972) [11]; *State v. Tate*, 543 S.W.2d 514 (Mo.App.1976) [5]. We find no abuse of that discretion here. Possession of firearms, per se, is not a crime as defendant asserts. Nor has defendant cited us to authority that mere possession of modified currency is a crime. The statements by the police officers were largely volunteered, objections were sustained, the jury was admonished, and the matter was not emphasized nor argued. We find no error.

Defendant also premises error on the evidence adduced at trial concerning the issuance of the search warrant, the surveillance of the apartment and inference of sales of narcotics occurring during that surveillance, and the fact that the search warrant listed stolen property as well as heroin as the material to be searched for. There was no evidence adduced that any stolen property was found. No objections to the testimony were made at trial. Defendant seeks therefore to invoke the plain error rule. Rule 27.20(c). We reject the contention.

The thrust of the defense was that the heroin in question belonged to defendant's addicted brother who was not at home at the time of the search. In support of this theory the brother was placed on the stand and questioned and refused to testify on the grounds of self-incrimination. Questioning was done by defendant to establish (and an argument was made) that the adverse polygraph results were the product of defendant's efforts to protect his brother. An essential element of this defense was that the police had expended considerable effort and time in obtaining a search warrant and in surveillance and that they expected to find a very large supply of narcotics in the apartment. It was then argued that having expended the time and effort, and when the search produced only "three lousy capsules of heroin," the police fabricated defendant's presence in the bedroom and the location of the capsules found in order to prosecute the only male adult present in the apartment. Defendant produced as witnesses family members whose testimony would support a charge of police fabrication. The defense also cross-examined the police officers on the surveillance and the search warrant. It is apparent that the evidence now complained of was an integral part of and an

essential link in the defense. We presume that the failure of defendant to object was in order that the jury could consider this evidence in assessing the defense presented. We find neither error nor prejudice in the admission of the evidence.

In view of the foregoing discussion we need not and do not reach the question of whether evidence of the surveillance and apparent sales of narcotics occurring during the surveillance would have been admissible over objection. The ultimate determination of that question is one of relevancy. *See State v. Reed*, 447 S.W.2d 533 (Mo.1969). In determining such relevancy judges must be aware that in modern day society certain types of crimes such as drug trafficking, vehicle tampering, and "fencing" tend to be continuing activities and that apprehension and prosecution of offenders may require a continuing observation of a series of criminal acts. An unduly rigid application of the "other crimes" rule in these circumstances may preclude jury consideration of probative evidence which by any reasonable standard is relevant in establishing a material fact concerning defendant's guilt.

Defendant's last point is that the court erred in permitting testimony concerning his failure to explain to whom the heroin capsules belonged after he was arrested. His sole contention regarding this testimony is that it violated defendant's right to remain silent and was plain prejudicial error under *State v. Stuart*, 456 S.W.2d 19 (Mo. banc 1970) [5, 6]; and *State v. Benfield*, 522 S.W.2d 830 (Mo.App.1975) [10]. We disagree. The theory of those cases is that where defendant has exercised his right to remain silent introduction of evidence of his failure to make an exculpatory statement serves to penalize defendant for exercising that right. The rationale of such decisions has no application where defendant does not exercise his right to remain silent, but rather elects to make statements. *United States v. Ivey*, 546 F.2d 139 (5 Cir. 1977) [11]; *State v. Harris*, 547 S.W.2d 473 (Mo. banc 1977) [2]. That is the case here. Defendant, after being warned of his constitutional rights, elected to make statements including admitting his ownership of the wallet and that certain other pills found in the apartment belonged to his mother. He made no statement about the ownership of the heroin capsules and a police officer testified to the absence of such statement, as well as the statements he did make. Since defendant had not exercised his right to remain silent, the Court did not err in allowing the officer's testimony.

Judgment affirmed.

WEIER, C. J., and SNYDER, P. J., concur.