**STATE of Missouri, Respondent,**

v.

**Karryl Lee HANSON, Appellant.**

**No. 48364.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 1984.

**2.** All statutory references are to RSMo 1978.

Mark L. Willens, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant, Karryl Lee Hanson, appeals from his conviction, after a jury trial, of possession of more than thirty-five grams of marijuana, a schedule I controlled substance. § 195.020 RSMo. (Supp.1984). The jury assessed punishment at, and the court imposed a sentence of two years' imprisonment. We affirm.

Defendant's only point on appeal challenges the sufficiency of the evidence. Specifically, he alleges that the state failed to prove that he knowingly possessed the requisite amount of marijuana.

In our review of the record, we accept as true all the evidence supporting the verdict, and the reasonable inferences arising therefrom, and we disregard all evidence contrary to the verdict. *State v. Brooks,* 618 S.W.2d 22,23 (Mo. banc 1981). Where, as here, the evidence is circumstantial, the facts and inferences relied upon to establish guilt must be consistent with each other and with the hypothesis of defendant's guilt. The facts and circumstances must also be inconsistent with and exclude every reasonable hypothesis of defendant's innocence. *State v. Moss,* 622 S.W.2d 292,295 (Mo.App.1981).

Within this scope of review, we now review the evidence.

The investigation which culminated in defendant's arrest began in July 1982. At that time, two law enforcement officers, engaged in aerial surveillance in connection with another investigation, flew over a field in Randolph County. One of the officers noticed that the corn which was growing in the field appeared to have been cut in places, and that marijuana appeared to be growing in those places. There was testimony that this is a common practice among marijuana growers, because the corn serves to hide the illicit plant from view from the ground.

As a result of this observation, police began to keep a constant watch on the field, which was actually composed of three tracts, a northern field, a middle field, and a southern field. No activity occurred there until September 7, 1982. On that day police observed an orange pickup truck parked near the field. The license plates on the truck showed that it was registered to defendant. The police also saw four people in the field. The four were wearing camouflage clothing with some type of netting over their faces. Defendant was seen in the field, wearing the same type of clothing, but without the netting over his face. A later search of the field revealed that the stems and "blooms" of the marijuana, the parts of plant possession of which is illegal,

had been cut and removed. A machete or corn knife, apparently used to cut the plants, was found sticking into the ground nearby.

No other relevant activity took place at the site until October 4, 1982. There was testimony that daily inspections were made and that the area remained completely unchanged except for natural growth. On October 4 police again became aware of the presence of people in the field. Upon investigation, the police discovered that the plants in the north field had been cut. They proceeded to the south field, where they heard people moving and loud chopping noises. Near this field the police found a large plastic trash bag, containing, among other things, an open box of trash bags. The police waited in this vicinity until they were approached by two men, defendant and a companion. The men were wearing the same type of camouflage clothing that had been worn by the group of four in September. The two men were arrested, and upon questioning admitted that the bag and its contents belonged to them.

At the time of his arrest, defendant was carrying a pair of scissors or cutters, the blades of which were covered with tetrahydrocannabinol (THC), the active substance in marijuana, which is found in the plant's resin. Defendant's hands were also covered with a sticky green substance which analysis showed to be THC. He had a small plastic bag, containing about one gram of marijuana, in his pants pocket. Testing of his jacket revealed an unknown quantity of marijuana in those pockets also.

A search of the area led to the discovery of two trash bags containing about 30 pounds of marijuana. The machete, which had remained undisturbed in the ground since September, was found stuck in a tree near where the bags were found.

Defendant maintains that the evidence, taken in the light most favorable to the verdict, fails to show that he had possession of over 35 grams of marijuana. He asserts that the marijuana found on his person did not total 35 grams and that he did not possess the two bags, which he concedes contained the requisite amount.

■ To sustain a conviction for possession of a controlled substance under § 195.020, RSMo. (Supp.1984) the State must prove that defendant knowingly and intentionally possessed the proscribed substance. *State v. Barber*, 635 S.W.2d 342, 343 (Mo.1982).

> "Possession" as that term is used ... in its legal sense, means knowingly having the actual control and dominion of the [drug] to the exclusion of others .... [I]t is sufficient if the thing possessed is either carried on [defendant's] person or is in his presence and custody if the possession is immediate, accessible and exclusive to him, (provided, however, that two or more persons may have joint possession of a [drug] if jointly and knowingly they have the dominion, control and exclusive possession described.)

*State v. Sledge*, 471 S.W.2d 256, 260 (Mo. 1971). Under this definition the question here is whether the State proved defendant, either alone or with his companion, had actual control and dominion of the marijuana to the exclusion of others.

■ Our review of the record finds that the evidence is sufficient to support the verdict. The evidence excluded the presence of people other than defendant and his companion. The marijuana was freshly cut and defendant's hands were covered with THC, as were the cutters that were in his possession. Finally, the marijuana was found in bags that were similar to the ones defendant admitted were his. This evidence is sufficient to establish, albeit circumstantially, that defendant had actual control and dominion over the marijuana in the bags. Defendant's point is therefore denied.

The judgment is affirmed.

CLEMENS, Senior Judge, and CRIST, J., concur.