**STATE of Missouri, Respondent,**

v.

**Karl CRUMBAKER, Appellant.**

**No. 53308.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 31, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

J. Martin Hadican, Clayton, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for possession of more than 35 grams of marijuana for which he was sentenced as a prior offender to five years' imprisonment. We affirm.

The sufficiency of the evidence is not in dispute. On November 4, 1985, four police officers went to defendant's residence to

serve arrest warrants on defendant and Linda Lamberton. When no one answered the door, they forced it open and entered the dwelling. Linda Lamberton, Robert Holdt, and a minor child were found inside the residence. Defendant was arrested as he stepped out the basement door. During a protective sweep of the residence the officers found large amounts of marijuana as well as narcotics paraphernalia scattered throughout various parts of the house, although no drugs were found in the basement. A subsequent search revealed additional marijuana, drug paraphernalia and marijuana seeds.

Both defendant and Linda Lamberton were arrested. As defendant was being transported to the sheriff's department, he told one of the police officers: "The marijuana that was in the house was his; there was more marijuana in the house than what Sergeant Hartwig had observed; and he did not think there was any coke left."

Defendant's first point alleges several errors regarding Instruction 10 given by the trial court. This was a definitional instruction of possession, and read as follows:

> Possession means having the actual control, care and management of something to the exclusion of others, and not a mere passing control fleeting and shadowy in its nature. However, it is not necessary to establish ownership in order to establish possession. Furthermore, in order to prove the alleged offense the evidence need not show actual physical possession on the part of the defendant. The illegal possession, if you so find, may be constructive. *Two or more persons may have joint possession if jointly and knowingly they have control and exclusive possession as described.* (emphasis added).

MAI–CR3d 333.00 states that there is more than one definition of possession depending on the facts of the case, and refers to *State v. Sledge,* 471 S.W.2d 256, 260 (Mo. 1971) and *State v. Norris,* 460 S.W.2d 672, 677 (Mo. banc 1970).

The above-cited instruction, absent the underscored portion, is patterned from the language of *State v. Norris,* 460 S.W.2d at 677. The underscored portion of the instruction can be found in *State v. Sledge,* 471 S.W.2d at 260.

▮ Defendant first contends the State's instruction was defective because it included references to joint possession which could confuse the jury with respect to constructive possession and joint possession and how they relate to one another.

At the instruction conference, defendant offered a substitute definitional instruction for possession and knowledge; however, he made no specific objection to the portion referring to joint possession. There was also no specific objection to that portion in defendant's motion for new trial. Therefore, defendant has failed to preserve this issue for appeal. Rule 29.11(d). Moreover, a reading of the instruction in question belies defendant's claim that it is confusing and no prejudice to defendant is shown.

▮ Defendant also contends the instruction was deficient in failing to include the term "knowledge" within the definition of possession. Defendant is correct in his assertion that a conviction for possession requires a finding of "knowing possession." *State v. Burns,* 457 S.W.2d 721, 724 (Mo.1970). However, we do not view the definitional instruction in a vacuum, but read it with the other instructions submitted to the jury. The submitted verdict director instructed the jury that to find defendant guilty, they must find he knew he possessed the contraband and was aware of the character and nature thereof. Reading all the instructions together, we find that inclusion of the word "knowingly" in the definition of possession was not required. *See State v. Dethrow,* 674 S.W.2d 546, 551 [12] (Mo.App.1984).

In his second point, defendant contends the trial court erred in overruling his motion for mistrial when the State introduced evidence at trial in violation of a pretrial order which precluded evidence concerning prior crimes committed by defendant.

In a pretrial conference, pursuant to defendant's motion in limine, the court ruled "it would be all right to testify the officers

were there at [defendant's] home with two arrest warrants, one of them being for [defendant's] arrest, but ... not [to] say ... what the arrest warrants were for, and not to mention the prior alleged sale [of cocaine] that took place, I think, allegedly back in September."

The testimony objected to by defendant consisted of the following exchange between the State and police officer Connor:

Q. (By Mr. Meyer) I previously asked you if you had had any conversations with the defendant while in your vehicle; is that correct?

A. Yes, sir.

Q. Did you discuss the marijuana that was found in the house?

A. Yes, we did.

Q. Did the defendant tell you anything about that marijuana?

A. Yes, he did.

Q. What precisely did he tell you?

A. He said the marijuana that was in the house was his, that there was more marijuana in the house other than what Sergeant Hartwig had observed, and he didn't think there was any coke left.

■ Defendant contends admission of defendant's statement that "he didn't think there was any coke left" was a direct violation of the pretrial order. We disagree. The pretrial order dealt with an arrest concerning an alleged cocaine sale by defendant. The State did not violate the court's pretrial order in this regard.

Suppression of defendant's statements was the subject of a motion to suppress statements which was heard and overruled prior to trial. Because defendant failed to furnish us with a transcript of that hearing, we are denied the complete record needed to review his complaint. *State v. Harris,* 673 S.W.2d 490, 491 [1] (Mo.App. 1984).

Furthermore, defendant requested no other relief than the declaration of a mistrial. The declaration of a mistrial is a drastic remedy, and should be granted only in extraordinary circumstances. *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc 1985), *cert. denied* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986), *reh'g denied,* 478 U.S. 1014, 106 S.Ct. 3322, 92 L.Ed.2d 729 (1986).

■ While defendant's statement implies some crime may have occurred in the past, evidence of the possession of one type of drug is relevant and admissible to prove defendant's possession of another type of drug was "knowing." *State v. Webb,* 646 S.W.2d 415, 417 [5] (Mo.App.1983) (possession of marijuana is logically relevant to establish knowing possession of phencyclidine); *State v. Williams,* 539 S.W.2d 530, 534–35 [8] (Mo.App.1976) (possession of marijuana is logically relevant to establish knowing possession of heroin). We find no abuse of discretion in the court's failure to declare a mistrial under these circumstances.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.