STATE of Missouri, Respondent,

v.

Bill STEWART, Appellant.

No. WD 38260.

Missouri Court of Appeals,
Western District.

March 31, 1987.

Richard E. McFadin, F.A. White, Jr., Kansas City, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

KENNEDY, Presiding Judge.

Defendant was convicted upon jury trial of second-degree burglary, § 569.170, RSMo 1978, of an unoccupied farmhouse. He was sentenced to one year in the county jail and a fine of $1,000.

■ Upon appeal, appellant's first point of error is that the information was defective in that it did not state specifically when the offense took place. It alleged that the burglary was committed "between March 1 and March 25, 1985." This point was first raised in appellant's motion for a new trial.

Section 545.030, RSMo 1978, is dispositive of this point. That statute reads in part as follows:

1. No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected:

. . . .

(5) For omitting to state the time at which the offense was committed, in any case where time is not of the essence of the offense; nor

(6) For stating the time imperfectly; nor

(7) For stating the offense to have been committed on a day subsequent to the finding of the indictment or information, or an impossible day, or on a day that never happened; . . .

Appellant does not claim that time was of the essence of this offense and, of course, it was not.

Appellant for his second and last point of error says that the prosecutor impermissibly commented upon defendant's failure to testify. Defendant did not testify himself nor did he offer any evidence.

■ The prosecutor in his closing arguments on two occasions referred to the evidence in the case as "uncontroverted", and on another occasion referred to the testimony of state's witness Kenneth Archer as "uncontroverted". Defendant acknowledges that our cases repeatedly have held that the characterization by some such word as "uncontroverted"—such as "unchallenged", or "undisputed", or "uncontradicted" is not a forbidden reference to defendant's failure to testify. *State v. Jones,* 491 S.W.2d 271, 274 (Mo.1973); *State v. Loggins,* 698 S.W.2d 915, 919 (Mo. App.1985): *State v. Sanford,* 605 S.W.2d 219, 222 (Mo.App.1980).

■ Defendant calls attention, though, to another statement of the prosecutor in closing argument, where he said: *"Now, what about what the defendant says? There has been some indication there was maybe, at least the defendant hoped to create the impression among you, that there is bad blood between the defendant and Kenneth Archer ..."* (Emphasis supplied.) Defendant focuses upon the itali-

cized words, and says that they, along with the prosecutors reference to the evidence and to Archer's testimony as "uncontroverted", constituted a forbidden reference to the accused's silence.

The jury would hardly have understood the italicized to be a reference to defendant's failure to testify. They refer instead to defense counsel's cross-examination of Kenneth Archer, who had accompanied defendant and had assisted him in the burglary (innocently, according to his claim), and who was the state's principal witness against defendant. The cross-examination questions were an attempt to bring out the witness's hostility toward defendant. These words, neither by themselves nor in connection with the prosecutor's characterization of the evidence as "uncontradicted", violate the rule against reference to the defendant's failure to testify. That prohibition (against commenting upon defendant's failure to testify) is based upon the constitutional privilege against self-incrimination. U.S. Const. amendment V; Mo. Const. art. 1, § 19; *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *State v. Hutchinson*, 458 S.W.2d 553, 555 (Mo. banc 1970). It is also embodied in § 546.270, RSMo 1978. The prosecutor's criticized comments were not "direct and certain, nonambiguous and unequivocal" references to defendant's failure to testify, *State v. Mayfield*, 562 S.W.2d 404, 411 (Mo.App.1978); nor such an indirect reference as to focus the jury's attention on the fact the defendant failed to testify. *State v. Hemphill*, 608 S.W.2d 482, 483–84 (Mo.App.1980).

The judgment is affirmed.

All concur.