**STATE of Missouri, Respondent,**

v.

**Lenon Lee JONES, Appellant.**

**STATE of Missouri, Respondent,**

v.

**Robert L. JONES, Appellant.**

Nos. 15651, 15652.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 27, 1988.
Rehearing Denied Nov. 21, 1988.

Dan Viets, Columbia, for appellants.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

These two cases arise from the same incident in which Lenon Lee Jones and Robert L. Jones were convicted by a jury in a joint trial for possession of cocaine under § 195.020.[1] Each defendant was sentenced to nine months in jail.

Both defendants argue on appeal that the evidence is insufficient to support the guilty verdict. They also assert that the trial judge committed plain error by failing to strike, *sua sponte*, certain remarks made by the prosecutor during closing argument.

The undisputed facts are that on the 24th of November, 1986, Lenon Lee Jones was driving south on Interstate 55 while a highway patrolman, Trooper Kevin Glaser, was traveling north. Glaser testified that while operating a radar unit, he checked the Jones' vehicle traveling at 62 miles per hour. Glaser then crossed the median of the interstate and stopped the vehicle. Also in the car were Robert L. Jones, Lenon's brother and codefendant, Robert's two children, and another brother. At this point, the testimony of the prosecution and defense witnesses diverges.

When testing the sufficiency of evidence to sustain a conviction, "the court accepts the [s]tate's evidence as true and gives the [s]tate the benefit of all reasonable inferences while disregarding all evidence and inferences to the contrary." *State v. Gardner,* 741 S.W.2d 1, 9 (Mo. banc 1987); *State v. Wells,* 754 S.W.2d 590, 591 (Mo. App.1988). Accordingly, the remaining re-

cital of the evidence is in conformity with the facts presented by the state.

Trooper Glaser, the prosecution's primary witness, testified that, after asking for identification and informing the driver of the speeding violation, he requested Lenon to get out of the automobile and step to the rear. Lenon got out of the car but immediately put his hands in his pockets. Glaser, "as a safety precaution," attempted a pat-down search of Lenon. When Glaser tried to check Lenon's pockets on his jacket, Lenon turned away and drew his left arm to his side, blocking Glaser's attempt. At this point, the passenger in the front seat, codefendant Robert Jones, exited the car. Robert said " 'Show 'im what you got,' " and put his hand into Lenon's pocket. A brief struggle ensued in which Glaser succeeded in pulling Robert's hand from the pocket. In doing so, he noticed white powder on Robert's hand because some blew up into Glaser's face. Robert broke free, ran to the back of the Trooper's car, and tossed something under the car. While this was happening Glaser directed Lenon to lay on the ground, and did the same to Robert as he walked back to the area between the vehicles. Glaser, suspecting the items withdrawn from the pocket to be drugs, handcuffed Robert and called for assistance.

When the other patrolman arrived and the situation was secured, Glaser looked under his car and observed two clear plastic bags filled with white powder and another clear bag with plant material in it. Glaser pulled his car forward in order to retrieve the evidence. One of the bags was torn and some powder had spilled. Glaser collected the bags, taped the torn bag, used adhesive cellophane tape to recover some of the spilled substance, and then sealed all of it in an evidence bag. The white powder substances were eventually examined by Dr. Robert Briner, chemist and director of the Southeast Missouri Regional Crime Laboratory. He determined the substances in one of the bags and the powder

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1986, and rule references are to Missouri Rules of Court (19th ed. 1988).

attached to the cellophane tape were cocaine.

On appeal, defendants launch a two-pronged attack on the sufficiency of the evidence. In the first prong, they argue the evidence is insufficient to show that each of them knowingly and intentionally possessed a controlled substance.

 To meet its burden the state must prove possession and knowledge, but the proof may be by circumstantial evidence. *State v. Barber,* 635 S.W.2d 342, 343 (Mo. 1982). Proof that each of the defendants had possession of cocaine created a *prima facie* case of knowing possession of the substance. *State v. Bell,* 719 S.W.2d 763, 765 (Mo. banc 1986). Lenon's effort to avoid Glaser's "pat-down" of his jacket pocket is circumstantial evidence that he knew the pocket contained an illegal substance. Robert's attempt to dispose of the cocaine after it came into his possession likewise infers guilty knowledge of the character of the substance. Evidence of efforts by a defendant to conceal or dispose of controlled substances is sufficient to raise a jury question as to the defendant's knowledge of the nature of the substance. *State v. Childress,* 741 S.W.2d 94, 95 (Mo. App.1987); *State v. Hedrick,* 534 S.W.2d 578, 585 (Mo.App.1976).

 The second prong of the attack on the sufficiency of the evidence is a "back door" attempt to attack the admissibility of the evidence of the cocaine on the basis of an absence of a proper chain of custody. Instead of complaining that the court should not have admitted such evidence, defendants claim the evidence was insufficient to sustain the guilty verdict.

No objection was made to Dr. Briner's testimony regarding his analysis of the white powder substances which he found to be cocaine. An objection was made to the exhibits identified as cocaine. However, the objection to the admissibility was not preserved in the motion for new trial nor in the points relied on in defendants' brief as required by Rules 29.11(d) and 30.06. Glaser identified the bag filled with white powder and the tape with powder on it as those he seized at the time the defendants were

arrested. Briner testified that he examined the contents of the same exhibits and determined the powder to be cocaine. Accepting that and the other evidence presented as true, the evidence was sufficient to convict defendants.

 Although defendants have failed to properly preserve the question of the admissibility of the cocaine, we will nevertheless examine the "chain of custody" to determine if the admission of the cocaine in evidence amounted to plain error affecting substantial rights. Rule 30.20. The following are the basic links in the chain: Glaser recovered the items; he delivered them to the SEMO Crime Lab; after analysis the lab turned them over to Trooper Overby who stored them in Poplar Bluff; Glaser picked up the evidence for trial which was postponed, resulting in their storage in Sikeston; Glaser redelivered the items to the SEMO Crime Lab; and after reanalysis Dr. Briner brought the evidence to trial. "In order to rule that admission is proper, the court must find that the facts provide 'reasonable assurance' that the exhibits sought to be introduced were in fact received from the defendant and are in like condition at the time of introduction as when received." *State v. Turnbough,* 729 S.W.2d 37, 39–40 (Mo.App.1987). The reasonable assurance standard does not require proof of hand to hand custody of the evidence nor does the standard require the exclusion of every possibility that the evidence had been disturbed. *State v. Fels,* 741 S.W.2d 855, 857 (Mo.App.1987). Here the evidentiary chain provides "reasonable assurance" that the substance seized by Glaser was the same substance examined by Briner, found to be cocaine, and thereafter admitted in evidence. We find no error in the admission of the cocaine, plain or otherwise.

 Defendants' complaint about the prosecutor's argument also has two components. First, defendants assert that the prosecutor's argument was excessively inflammatory in that he mentioned the "epidemic proportions" of the drug problem and suggested "... somebody oughtta do

somethin' about it." In the second component, defendants claim that the prosecutor improperly sought to personalize the argument when he pointed out that the cocaine was seized "... out here on our little highway.... This is very close to home."

Similar and perhaps more provocative arguments have been challenged in cases in which a claim was made on appeal that the trial court erred in failing, *sua sponte*, to strike a prosecutor's argument or declare a mistrial. In those cases, arguments by a prosecuting attorney relating to the prevalence of crime, the personal safety of the inhabitants of the community, and the jury's duty to uphold the law have been held permissible. *State v. Mallett*, 732 S.W.2d 527, 537 (Mo. banc), *cert. denied*, — U.S. ——, 108 S.Ct. 309, 98 L.Ed.2d 267–68 (1987); *State v. Newlon*, 627 S.W.2d 606, 616–18 (Mo. banc), *cert. denied*, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149, *reh'g denied*, 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). This record presents overwhelming proof of guilt, and there is no strong, clear showing that manifest injustice or miscarriage of justice will result if relief is not given. Rule 30.20. The claim of plain error for failing to strike the argument is without merit.

Accordingly, the judgment as to both defendants is affirmed.

CROW, P.J., and GREENE, J., concur.