STATE of Missouri, Plaintiff–Respondent,

v.

Floyd JACKSON, Defendant–Appellant.

No. 57791.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 29, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1991.

Application to Transfer Denied May 3, 1991.

James S. McKay, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANE, Judge.

A jury convicted defendant Floyd Jackson of one count of possession of cocaine, in violation of § 195.020 RSMo 1986. He was sentenced as a prior and persistent offender to nine years imprisonment. Defendant appeals from the judgment of the trial court. We affirm.

The evidence adduced at trial, viewed in the light most favorable to the verdict, discloses that on December 15, 1988, Detectives William Hayles and Eddie Montague conducted a surveillance operation in front of an apartment in the City of St. Louis. The detectives instructed a confidential informant to enter the building with twenty-five dollars in marked bills. The informant returned with a packet of cocaine that he had purchased inside the apartment.

The detectives returned to their station to obtain a search warrant and to assemble additional officers to execute it. When they returned to the apartment, at 11:20 a.m., they knocked loudly and announced themselves as police officers with a search warrant. They were not admitted. One of the detectives thereupon forced the door open with a sledgehammer. Detective Hayles stopped a man in the front room, who was eventually identified as the person who had sold the cocaine to the informant. Detective Montague proceeded into the second room. Defendant was alone in the second room. He was lying fully clothed, including shoes, on top of the covers of a bed. Detective Montague asked defendant to get up and when he complied, there were five foil packets and a plastic bag on top of the bed where defendant's hip or waist had been. The contents of the packets were analyzed and found to be cocaine.

At the trial, defendant testified that he had come to the apartment around 10:00 a.m. He denied having been on the bed, or in the bedroom, or possessing any cocaine.

Defendant first claims that the trial court erred in denying his motion for judgment of acquittal in that there was insufficient evidence that he knew of the presence, nature and character of the cocaine. In analyzing this claim, we must consider the facts in evidence and all favorable inferences which may reasonably be drawn therefrom in the light most favorable to the verdict and we must disregard all evidence and inferences to the contrary. *State v. Corley,* 628 S.W.2d 380, 381 (Mo. App.1982). Our function is not to weigh the evidence, but to determine only if there was sufficient evidence from which reasonable persons could have found the defendant guilty. *Id.* at 381–82.

The evidence was sufficient to establish defendant's guilty knowledge. Defendant was in the apartment, but did not respond, when the police officers knocked and announced themselves and when they forcibly entered with a sledgehammer. Instead he was alone in a room, lying down fully clothed on a bed with the packets of cocaine concealed underneath him. He did not get up until requested by the detective. Evidence of efforts by a defendant to conceal a controlled substance is sufficient circumstantial evidence of knowledge to raise a question for the jury. *State v. Jones,* 760 S.W.2d 536, 538 (Mo.App.1988).

Moreover, the evidence of the cocaine directly under defendant's body was sufficient to establish actual possession. *See State v. Trice,* 575 S.W.2d 739, 741 (Mo.App.1978) *cert. den.,* 442 U.S. 945, 99 S.Ct. 2891, 61 L.Ed.2d 316 (1979). A jury may infer that a person knows the nature of drugs in his actual possession. *Id.* Point One is denied.

Defendant next contends that the trial court erred in giving Instruction No. 6, which defined possession, claiming that it was overbroad and lacked cautionary language. At the time of trial, no MAI instruction defined possession. The Notes on Use to MAI–CR 3d 333.00 stated that the term possession "is subject to more than one definition, depending upon the statute and the facts of the particular case . . .". The Notes directed the reader to "*See*" several cases. The definition of possession used in Instruction 6 substantially follows the language used in those cases. More importantly Instruction No. 6 tracks the statutory definition of possession found in § 195.010(33) RSMo (Supp.1989). Under these circumstances use of the statutory definition was appropriate and sufficient for the guidance of the jury. *State v. Smith,* 342 S.W.2d 940, 942 (Mo.1961); *State v. Hunt,* 651 S.W.2d 587, 590 (Mo. App.1983). It is likewise significant that subsequent to trial MAI–CR 3d 333.00 was amended to track the statutory definition of possession found in § 195.010(33). "[I]t is not open to us to declare erroneous the use of that form which now has been adopted for standard use by the Supreme Court." *State v. Yeokum,* 516 S.W.2d 535, 537 (Mo.App.1974).

Defendant complains that the instruction did not reflect the exact language used to define possession in the cases cited in the Notes on Use. We do not find that the Notes required this. Nothing in the Notes indicates that the language from any of the cases was to be taken verbatim. Rather, the cases were cited as references from which an appropriate definition could be constructed. The cited cases were preceded by the command "*See*". The use of the command "*See*" before a case citation means that the "cited authority constitutes basic source material that supports the proposition". A Uniform System of Citation § 2.3(a) (14th ed. 1986). We have examined the specific language which defendant claims should have been in the instruction and do not find its absence prejudicial in light of the facts of the case and the nature of defendant's defense. Point Two is denied.

For his third point defendant asserts the trial court erred in refusing to give an instruction on circumstantial evidence. Defendant tendered MAI–CR 3d 310.02 on circumstantial evidence. The

Notes on Use to this instruction make its use mandatory upon the request of either party if all of the evidence in the case is circumstantial, but make its use permissive if there is both direct and circumstantial evidence in the case.

Direct evidence is "evidence which if believed proves the existence of the fact in issue without inference or presumption; while circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist." *State v. Famber*, 358 Mo. 288, 214 S.W.2d 40, 43 (1948). There was direct evidence of possession. Possession is established if the person has the substance on his person or within easy reach and convenient control. § 195.010(33). Detective Montague testified that at the time he found defendant, he saw defendant lying directly on top of the cocaine packets. This was direct evidence that the cocaine packets were in contact with defendant's body and were within easy reach and convenient control. The trial court did not err in refusing to give a circumstantial evidence instruction. Point Three is denied.

For his fourth point defendant claims the trial court erred when it denied a writ of body attachment for a witness. The writ was requested at the close of the state's evidence. Section 491.150 RSMo 1986 provides that a summoned witness, who fails to appear, may be compelled to appear by writ of attachment against his body. The court's statutory authority to issue such a writ does not arise until the witness has failed to obey a validly executed subpoena. *State v. Woods*, 662 S.W.2d 527, 532 (Mo.App.1983). There must be evidence that the witness was validly served. *Id.*

The trial court denied the writ on the grounds that there was no proper return on the subpoena. No return was filed with the court. The copy of the subpoena in the defense attorney's file showed a subpoena issued to "Frank Selvig" whereas the writ was sought for the body of "Frank Selby." The court indicated it could not consider the writ application until the return was demonstrated to be genuine and regular in all respects. Without such a return there was insufficient evidence that the witness had been properly served. The trial court did not err in denying the writ. *State v. Woods, supra*, 662 S.W.2d at 532. Point Four is denied.

The judgment of the trial court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.