**STATE of Missouri, Respondent,**

v.

**Leroy TAYLOR, Appellant.**

**No. WD 41540.**

Missouri Court of Appeals,
Western District.

Feb. 26, 1991.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

KENNEDY, Presiding Judge.

Appellant was convicted upon jury trial of kidnapping, § 565.110, RSMo [1]; second degree robbery, § 569.030; four counts of rape, § 566.030; and two counts of sodomy, § 566.060. He was sentenced to consecutive terms of imprisonment totalling 625 years.

He appeals his convictions and also appeals the denial of his Rule 29.15 motion filed after the conviction.

1. All section references are to the Revised Statutes of Missouri 1986, unless otherwise indi-

I. We take up first defendant's appeal from his convictions.

■ Appellant's first claim of trial error is that the court in the verdict-directing instructions given to the jury erred in submitting defendant's acts on the hypothesis that he was a direct participant in the respective offenses, in that the evidence, defendant argues, does not support the direct participant submission. He says the court should have submitted defendant's acts as an aider under MAI–CR 3d 304.04, rather than as a direct participant.

There was evidence that defendant and another accosted their victim as she was going to her car from her office at the end of the day. They forced her into their car, and took her captive to a residence. In the car and in the residence defendant himself repeatedly raped their victim and sodomized her. There was substantial evidence to support the submission of defendant's active, direct personal commission of the crimes of which he was convicted, and there is therefore no requirement that the court instruct the jury on accessory liability. *See State v. Young,* 610 S.W.2d 8, 13 (Mo.App.1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981).

There was evidence also that defendant was an aider in the commission of the crimes of his confederate, but these offenses were not submitted to the jury. Defendant may not complain of that.

■ Defendant also says the court erred in admitting into evidence a piece of carpet found by police in the basement of the house where the victim was held captive and assaulted, and in admitting into evidence a pubic hair found on the carpet and identified by a forensic chemist as being consistent with a pubic hair sample taken from defendant. Defendant says there is no evidence that the piece of carpet offered and admitted in evidence was the carpet found in the house and which figured in the crime, and, further, that there is no evidence that the carpet, when the pubic hair was found thereon, was in the same condi-

cated.

tion as when found and taken into possession by the police.

Such problem as defendant alleges there is with respect to the chain of custody of the carpet arises from the fact that police officer Steve Green, who had seized the carpet from the house and sealed it in an evidence bag, had died before trial and was therefore unavailable to testify about when or where the carpet was sealed in the evidence bag. However, the evidence before the court provided a sufficient basis for the admission of the carpet and pubic hair into evidence. The carpet was identified at trial as the carpet which had been in the house and upon which defendant forced the victim to lie and ordered a third party, Fred Bates, to sodomize the victim.

■ The foundation was also sufficient for the admission of evidence of the pubic hair found on the rug, and the identification of the pubic hair as being consistent with the sample taken from defendant. The court had "reasonable assurance" that the carpet when received by the crime laboratory was in the same condition as when seized; nothing more was required. *See State v. Dunagan*, 772 S.W.2d 844, 856 (Mo.App.1989). The sufficiency of the evidence to establish a valid chain of custody over an exhibit is addressed to the sound discretion of the trial court. *State v. Murray*, 630 S.W.2d 577, 581 (Mo. banc 1982). The court may assume, in the absence of evidence to the contrary, that the officials charged with custody of the evidence properly discharged their duties and did not tamper with the evidence. *State v. Huff*, 789 S.W.2d 71, 78 (Mo.App.1990). The evidence in the present case is that the forensic chemist who conducted the hair sampling test received the carpet in a bag sealed with police evidence tape, with the tape intact, indicating that she was the first person to have opened the bag. The tape had on it a hand printed date ("11–26–86" [the date the carpet was seized, according to other evidence]); a case number (Z–53186); an address ("4135 Monroe" [the address of the house where the victim was held]); and the name "S. Green." The trial court was well within its discretion in admitting into evidence the forensic chemist's testimony about the pubic hair she found on the carpet.

■ Defendant raises one more issue in his direct appeal from his conviction. He claims the court was in error when it did not sua sponte dismiss defendant's counsel and appoint another before sentencing defendant. His reasoning is that defendant had by this time filed a Rule 29.15 motion, charging trial counsel with ineffective assistance, and trial counsel was burdened by a conflict of interest in representing defendant at the sentencing hearing. This is a claim of ineffective assistance of trial counsel at the sentencing hearing. Ineffectiveness of trial counsel, however, cannot be raised on direct appeal, and may be raised if at all in a Rule 29.15 post-conviction proceeding only. *State v. Johnston*, 786 S.W.2d 220, 222 (Mo.App.1990); *State v. Wheat*, 775 S.W.2d 155, 156–58 (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990). Although after the sentencing an amended Rule 29.15 motion was filed by defendant, charging numerous instances of ineffectiveness of trial counsel, ineffectiveness at the sentencing hearing because of a perceived conflict of interest was not included therein, nor was any evidence offered to support such an allegation. We find no error in the court's failure sua sponte to take remedial action.

The judgments of conviction are affirmed.

II. We turn to defendant's appeal from the denial of his Rule 29.15 motion.

■ Defendant's Rule 29.15 motion alleges ineffective assistance of counsel for counsel's alleged failure to object to guards allegedly closely guarding defendant in the courtroom during the testimony of Fred Bates. The fact of defendant being closely guarded does not appear in the record of defendant's trial. For that fact there is defendant's testimony in an evidentiary hearing on his Rule 29.15 motion. The judge (a different judge than the one who presided over the trial) was not obliged to believe defendant. *Adams v. State*, 773

**62**

S.W.2d 903 (Mo.App.1989). But if defendant's testimony on this point had been believed, one cannot say, without also knowing the circumstances, that an objection by defendant's counsel was indicated, or that, if an objection was called for, counsel's failure to make such objection was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

The trial court was not "clearly erroneous," Rule 29.15(j), in denying defendant's Rule 29.15 motion, and the judgment is affirmed. *See Murray v. State,* 775 S.W.2d 89, 90–91 (Mo. banc 1989), *cert. denied,* — U.S. —, 110 S.Ct. 1171, 107 L.Ed.2d 1073 (1990).

All concur.