**STATE of Missouri, Respondent,**

v.

**Wilson Shelby CAMDEN, Jr., Appellant.**

**Wilson Shelby CAMDEN, Jr., Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. WD 41036, WD 45110.

Missouri Court of Appeals,
Western District.

July 7, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 1, 1992.

Application to Transfer Denied
Oct. 27, 1992.

Timothy R. Cisar, Lake Ozark, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

TURNAGE, Judge.

Wilson Shelby Camden, Jr. was found guilty by a jury of possession of cocaine, a Schedule II controlled substance under § 195.017.4(1)(d), RSMo 1986,[1] in violation of § 195.020. The court sentenced Camden as a prior offender under § 558.016.2 to a term of imprisonment for 12 years. A motion pursuant to Rule 29.15 was filed and denied. On appeal from the conviction Camden contends the evidence was insufficient to support the verdict, error in admitting evidence, error in allowing the State to prove persistent offender after the State

rested and error in giving an instruction. As to the appeal from the denial of the motion under Rule 29.15 it is contended Camden was denied effective assistance of counsel. Affirmed.

At about 12:30 a.m. on November 2, 1986, Officer Thompson of the Jefferson City Police Department observed Camden driving a vehicle with an expired license tag. Thompson stopped the vehicle and as Thompson got out of his vehicle Camden alighted from the vehicle being stopped. The two met at about the rear window of the Camden vehicle. The driver's door had been left open by Camden and as Thompson stood talking with Camden he looked over Camden's right shoulder and observed a brown colored glass bottle on the floorboard in front of the driver's seat. The bottle was about two inches in height, one and one-half inches in diameter and had a chain about two inches in length attached to the cap. A spoon with a blue and brown colored handle was attached to the end of the chain. Officer Thompson testified that from his training and experience he believed the glass vial contained a controlled substance.

Officer Thompson called for a backup and Officer Jefferson came to the scene and took Camden to the police station. In the police station it was discovered that Camden had a cigarette butt which appeared to be the end of a large marijuana cigarette in his right jacket pocket.

Laboratory analysis of the contents of the vial revealed that it contained .79 grams of cocaine and analysis of the cigarette butt revealed that it contained marijuana.

Camden first contends the evidence was insufficient to support a verdict of guilty that he knowingly and consciously possessed the vial of cocaine. Camden contends that he was not the owner of the automobile and that the evidence was insufficient to prove that he was in constructive possession of the cocaine. Officer Thompson testified that there were envelopes found in the vehicle with Camden's name on them. The owner of the vehicle

1. All statutory references are to Revised Missouri Statutes 1986, unless otherwise stated.

testified that he had loaned the car to Camden about thirty minutes before Camden was stopped and that the owner had loaned the vehicle to others at other times.

 In reviewing the sufficiency of the evidence, this court must determine if there is sufficient evidence from which reasonable persons could find guilt. *State v. Johnson*, 811 S.W.2d 411, 413[2] (Mo.App. 1991). This court views the facts in evidence, together with all reasonable inferences, in the light most favorable to the verdict and all evidence and inferences to the contrary are disregarded. *State v. Clifford*, 815 S.W.2d 3, 5[1] (Mo.App.1991). The State had the burden to show that Camden knowingly and intentionally possessed the illegal drug. *Id.* If a defendant does not have actual possession of drugs, constructive possession will suffice if facts are present to buttress an inference that Camden knew of the presence of a controlled substance. *Id.* And if Camden was not in exclusive possession of the vehicle, additional factors are required to show his knowledge and control of the drugs. *Id.* at 6.

 Camden and the State agree that the vial was found on the floorboard on the driver's side of the vehicle Camden was driving. From Officer Thompson's testimony the jury could find that the appearance of the vial would lead one who had knowledge of drugs to believe that the vial contained illegal drugs. Indeed a glass vial with a two inch chain attached to the cap and a spoon attached to the other end of the chain would support a reasonable inference that the vial contained an illegal drug. Further, the presence of a cigarette butt containing marijuana in Camden's jacket pocket supports an inference that Camden was familiar with drugs and further supports the inference that Camden knew that the vial contained illegal drugs.

Camden relies on such cases as *State v. Brown*, 683 S.W.2d 301 (Mo.App.1984). In *Brown*, the defendant was not the owner of the vehicle he was driving but there was a bottle with pills in a tray on the "hump" of the floorboard between the driver and passenger seats. The pills contained an illegal drug. The court held that it could be inferred that Brown had knowledge of the presence of the pills because they were in close proximity to him and in open view in daylight. However, the court held there was no proof that Brown knew the pills contained drugs.

In this case the vial was in plain view and in close proximity to Camden. While it was dark, the officer was able to see the vial while standing outside the vehicle. This case is distinguishable from *Brown* because the appearance of the vial with the chain and spoon attached to the cap gave notice that it contained cocaine.

Camden's familiarity with drugs is shown by the presence of the cigarette butt containing marijuana in his pocket. This was sufficient to allow the jury to infer that Camden had conscious and intentional possession of the vial and had knowledge of the presence and nature of the contents.

 Camden next contends the court erred in admitting the cigarette butt containing marijuana found in his jacket pocket in evidence. In *Johnson*, the court held that evidence of marijuana found in a jacket in Johnson's bedroom was properly admitted in evidence when he was arrested for possession of cocaine. 811 S.W.2d at 415–416. The court held that one of the settled exceptions to the introduction of evidence of other crimes is to establish intent. Here, evidence of the cigarette butt containing marijuana in Camden's jacket pocket would tend to prove his intent to possess illegal drugs, including the vial, and would also show his knowledge of illegal drugs. The evidence of the cigarette butt containing marijuana was admissible. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (1954).

Camden next contends the court erred in admitting in evidence the cigarette butt and the vial because the chain of custody was not established. The evidence was that the cigarette butt and the vial were placed in individual plastic bags and these two bags were placed in another plastic bag. The bag containing the two individual bags was placed in a police locker which was locked and the key was placed in a key

envelope with a laboratory request attached and slipped under the locked door of the lab technician's office. The lab technician found the sealed envelope containing the key, retrieved the plastic bags from the locked locker and found a partially smoked hand-rolled cigarette and a small brown vial containing a white powder. The technician made a preliminary test of both items and when he obtained positive results he sealed the individual bags with red evidence tape, initialed and dated the tape and placed the complaint number and special lab number on the bags. He placed the individual bags in a larger bag and placed that bag in a still larger bag which he sealed with red evidence tape. That bag contained a description of the exhibits, the suspect's name and other pertinent information.

Officer Jefferson testified that the cigarette she was shown at trial appeared to be the same as the one that she found in Camden's jacket pocket. Officer Thompson testified that the vial was the same one that he had taken from the vehicle that Camden was driving. Camden bases his objection on the fact that the officers could not positively identify the individual plastic bags as being the same bags in which they placed the cigarette and vial. Both officers stated that they did not tamper with the items in any way.

Although both officers testified that they thought that they had sealed the individual bags and marked them, both conceded that apparently they had not done so or did not recall if they had marked the individual bags.

*State v. Taylor,* 804 S.W.2d 59, 61[3, 5] (Mo.App.1991), held that all that is required is that the court have reasonable assurance that an item received by the crime laboratory was in the same condition as when seized. This court further held that the sufficiency of the evidence to establish a chain of custody of the exhibit is within the sound discretion of the court. There is no showing that the court abused its discretion in admitting the cigarette and vial into evidence because the evidence was sufficient to give reasonable assurance that these items were in the same condition when examined in the lab as when seized.

Camden next contends that the court erred in allowing the State to introduce evidence as to his prior offender status after the State had rested but before the case was submitted to the jury. In *State v. Jennings,* 815 S.W.2d 434, 446[17] (Mo. App.1991), the court held that § 558.021.2 expressly provides that a defendant's status as a prior, persistent or dangerous offender shall be pleaded, established and found prior to submission of the case to the jury. That was done in this case and Camden's point is without merit.

Camden next contends that the court erred in giving an instruction which defined the terms "possession" and "possessed" and rejected Camden's proffered instruction on those terms. The instruction given is taken virtually verbatim from *State v. Norris,* 460 S.W.2d 672, 677 (Mo. banc 1970). Rather than containing an instruction defining possessed or possession, MAI–CR3rd 333.000 refers to *State v. Sledge,* 471 S.W.2d 256, 260 (Mo.1971) and *State v. Norris,* 460 S.W.2d 672, 677 (Mo. banc 1970). Thus, the instruction in *Norris* defining possessed and possession is the equivalent of an MAI instruction. Further, Camden contends the instruction used the word "constructive" but did not define that word. In *Norris* the court held that the instruction did actually explain constructive possession. *Id. at* 677[6].

Finally, Camden contends the court erred in denying his motion under Rule 29.15 because he was denied effective assistance of counsel. Camden's principal argument is that counsel failed to call a number of witnesses to testify that they had used the vehicle he was driving at the time of his arrest and that they had used cocaine in the vehicle. Several witnesses had testified at the hearing on the 29.15 motion that they had used cocaine in this vehicle or had first hand knowledge that others had used drugs in it. Camden contends that his attorney's failure to present this evidence denied him the opportunity to establish reasonable doubt concerning his guilt.

Counsel for Camden at the trial testified at the 29.15 hearing that he thought it would have been foolish to put on evi-

dence from a number of people who said they had used drugs in the vehicle. He said he did not want to put Camden in the middle of a bunch of drug users in the minds of the jurors. Counsel further testified that he told Camden that he thought it was dumb and stupid to call such witnesses and that Camden implicitly agreed. It is well settled that the selection of the witnesses and the introduction of evidence are matters of trial strategy and that the choice of trial strategy is not a basis for finding ineffective assistance of counsel. *Harry v. State,* 800 S.W.2d 111, 115[6, 7] (Mo.App.1990). There is no doubt that counsel made a strategic decision not to implicate Camden with a group of drug users and that does not prove ineffective assistance of counsel. Camden mentions without argument several other matters concerning his counsel's conduct at trial, but an examination of these does not reveal any evidence of ineffective assistance of counsel.

The judgment of conviction is affirmed. The judgment denying relief under Rule 29.15 is affirmed.

All concur.