**STATE of Missouri, Respondent,**

v.

**Jeremy N. WORKES, Appellant.**

**No. ED 104607**

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

FILED: September 12, 2017

Kevin B. Gau, 1010 Market St., Suite 1100, St. Louis, MO 63101, for appellant.

Joshua D. Hawley, Dora A. Fichter, P.O. Box 899, Jefferson City, MO 65102, for respondent.

KURT S. ODENWALD, Judge

### Introduction

Jeremy N. Workes ("Workes") appeals from the judgment of the trial court, entered after a jury convicted him on one count of possessing a controlled substance. On appeal, Workes argues that the trial court erred by overruling his motion for judgment of acquittal because the evidence was insufficient to support his conviction. Specifically, Workes asserts that the State did not prove he knew or was aware he was holding a controlled substance when the police apprehended him because he was unconscious when police arrived and no other evidence established the circumstances under which he had gripped the bag containing heroin, Because the State presented sufficient evidence allowing a juror reasonably to infer that Workes knew or was aware he possessed a controlled substance, we hold that there was sufficient evidence for the jury to convict Workes. We affirm the judgment of the trial court.

### Factual and Procedural History

On April 1, 2015, police found Workes in a crashed car, tightly grasping a clear plastic bag containing eighty capsules of heroin. The State charged Workes with one count of possession of a controlled substance. The case proceeded to a jury trial.

At trial, the State presented testimony from two detectives: Detectives Marcin Zajac ("Det. Zajac") and William Olston ("Det. Olston"). Det. Zajac testified to the following: Det. Zajac and his partner, Det. Olston, received information that Timothy Roberts ("Roberts") and an unidentified black male were selling narcotics out of a silver BMW 540i (the "BMW"). A few hours later, Det. Zajac and Det. Olston spotted the BMW traveling south on Riv-

erview. Once the police activated their lights, the BMW sped up, and continued to drive in an attempt to elude the police.

At some point, detectives laid spike strips on the road to slow the BMW. Det, Zajac saw the BMW hit the spikes, accelerate, and swerve in and out of traffic, all while still attempting to evade police as the BMW's tires deflated. The BMW hit a curb and flipped multiple times. Det. Zajac and Det. Olston approached the BMW. As Det. Zajac and Det. Olston approached, they observed the driver, Roberts, crawling out of the driver's side of the BMW. Det. Zajac and Det. Olston helped Roberts out of the car and placed him in handcuffs.

As he first approached the BMW, Det. Zajac observed that Workes was slumped over onto Roberts. Workes was holding a plastic bag in his closed left hand with a "death grip." Det. Zajac testified that as he reached into the BMW to secure the plastic bag, Workes "wasn't trying to get out and run or anything like that. He was pretty out of it. He—he was, you know, almost in and out of consciousness." Det. Zajac secured the bag from Workes's grasp, then continued to assist Workes out of the BMW. The clear plastic bag contained a "large amount" of capsules.

Det. Olston's testimony corroborated Det. Zajac's statements. In addition, Det. Olston explained his experience working undercover during heroin buys and estimated that a capsule of heroin would sell for between five and ten dollars. Subsequently, a criminalist, Christina Hayes ("Hayes"), testified as an expert regarding the content of the capsules, Hayes reported eighty capsules total in the bag Workes was holding. Hayes analyzed one of the capsules; the test showed that the capsule contained heroin. The estimated worth of heroin in the bag was between $400 and $800.

Workes filed a motion for judgment of acquittal both after the close of the State's evidence and after all the evidence was admitted, The trial court denied both of Workes's motions. The jury found Workes guilty of possessing a controlled substance. The trial court sentenced Workes to seven years in prison, but suspended the execution of the sentence. The trial court placed Workes on probation for three years. Workes now appeals.

## Point on Appeal

Workes sole point on appeal contends that the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to support his conviction. Specifically, Workes asserts that the State did not prove he knew or was aware he was holding a controlled substance because he was unconscious when police arrived and no other evidence established the circumstances under which he had gripped the bag containing heroin.

## Standard of Review

When we review a sufficiency-of-the-evidence challenge, we consider each element of the crime charged. State v. Grim, 854 S.W.2d 403, 411 (Mo. banc 1993). In reviewing each element, we accept all "evidence in the light most favorable to the State and [ ] grant the State all reasonable inferences from the evidence." Id. We reject "contrary inferences, unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them." Id. Viewing the evidence in this light, we are limited to determining "whether the State has introduced sufficient evidence for any reasonable juror to have been convinced of the defendant's guilt beyond a reasonable doubt." State. v. Nash, 339 S.W.3d 500, 508-09 (Mo. banc 2011) (citing State v. Bateman, 318 S.W.3d 681, 686-87 (Mo.

banc 2010)). We "give[ ] great deference to the trier of fact," and do not "weigh the evidence anew since the fact-finder may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances and other testimony in the case." Id. at 509 (quoting State v. Freeman, 269 S.W.3d 422, 425 (Mo. banc 2008)).

## Discussion

■ The State charged Workes with one count of possessing a controlled substance, heroin. "It is unlawful for any person to possess or have under his control a controlled substance." Section 195.202.[1] In addition, possession of a controlled substance must be voluntary, meaning the person can be convicted only "if the possessor knowingly procures or receives the tiling possessed, or having acquired control of it was aware of his control for a sufficient time to have enabled him to dispose of it or terminate his control." Section 562.011. Accordingly, to present sufficient evidence for a possession-of-a-controlled-substance charge, the State needed to show that Workes had "conscious and intentional possession of the [heroin]," State v. Stover, 388 S.W.3d 138, 146-47 (Mo. banc 2012). The State may use circumstantial evidence to prove this possession and knowledge. State v. Twitty, 506 S.W.3d 345, 347 (Mo. banc 2017).

■ Workes claims the State did not prove he consciously possessed the bag of heroin. However, jurors may infer a conscious and intentional possession of a controlled substance based on large quantities of the drug, close proximity of the drug to the defendant, and/or visibility of the drug. See State v. Keller, 870 S.W.2d 255, 260 (Mo. App. W.D. 1994) (sufficient evidence of possessing cocaine where defendant was

found in a hotel room containing approximately 87 grams of cocaine, scales, and other items typically used to distribute narcotics, many in plain view); State v. Jackson, 806 S.W.2d 426, 428 (Mo. App. E.D. 1991) (sufficient evidence of possessing cocaine where defendant was found alone in a room, asleep, lying on top of five foil packets and a plastic bag containing cocaine); State v. Kimberley, 103 S.W.3d 850, 857-60 (Mo. App. W.D. 2003) (sufficient evidence of possessing drug paraphernalia where defendant was found asleep with paraphernalia two feet away, seeds spilled on floor near couch, at defendant's residence). Further, jurors "may infer that a person knows the nature of drugs in his actual possession." Jackson, 806 S.W.2d at 428.

Here, Workes claims that he was not the owner of the car, was never identified in the information given to the police as a suspect, and was unconscious when the police arrived at the scene of the car crash. Thus, Workes posits the evidence does not show he had conscious, intentional possession of the heroin. However, Workes was found tightly grasping the bag of heroin in a "death grip." See Jackson, 806 S.W.2d at 428; Kimberley, 103 S.W.3d at 857-60. The bag was made of clear plastic and was found in plain view. See Keller, 870 S.W.2d at 260. The clear plastic bag was found to contain eighty capsules of heroin worth between $400 and $800. See id. Although Workes was in and out of consciousness at the time police arrived at the car crash, the direct evidence the State presented was sufficient for a jury to infer he had knowing possession and control of the bag containing the heroin capsules.

■ Workes suggests two alternative theories for his physical possession of the heroin: first, he did not grip the bag con-

1.  All statutory references are to RSMo (Supp.     2014), unless otherwise noted.

sciously; and second, Roberts planted the bag in his hands while he was unconscious. Regardless of whether these theories are independently believable, we do not act as a "super juror" in this case. See Grim, 854 S.W.2d at 414. The jury may believe or disbelieve any part of the testimony or theories put forth by witnesses and attorneys during trial. Nash, 339 S.W.3d at 509. Further, the State was not required "to eliminate all theoretical possibilities of [Workes's] innocence." Kimberley, 103 S.W.3d at 860. Workes's contention that he was unaware of the heroin in his possession merely created a conflict in the evidence, the resolution of which was for the jury. State v. Virdure, 371 S.W.2d 196, 201 (Mo. 1963). The fact that the bag of heroin was found not just in Workes's hand, but in a tight "death grip" suggests a conscious and knowing act to retain possession of the bag, only to relinquish such possession if someone pried the bag out of "his cold dead hands." The evidence supports an equally reasonable inference that Workes knowingly possessed the bag of heroin while a passenger in the fleeing BMW and maintained possession after the BMW crashed.

The State presented circumstantial evidence that Workes tightly gripped the clear bag containing capsules of heroin when the police approached him, despite going in and out of consciousness. Viewing the evidence in the light most favorable to the verdict, there was sufficient evidence for the jury to infer that Workes knowingly possessed the capsules and knew the capsules contained heroin. Thus, there was sufficient evidence for the jury to find Workes possessed the heroin. Point denied.

## Conclusion

The judgment of the trial court is affirmed.

Robert G. Dowd, Jr., P.J., concurs.

Sherri B. Sullivan, J., concurs.